[No. 590. Decided January 20, 1893.]

### THE STATE OF WASHINGTON, *Appellant*, v. JOHN McARTHUR, *Respondent*.

CRIMINAL LIBEL — ORAL LANGUAGE NOT INCLUDED.

All the provisions of § 17, Penal Code, construed together, show that it was not the intent of the legislature to include spoken words in the definition of criminal libel.

*Appeal from Superior Court, Spokane County.*

*Samuel G. Allen*, Prosecuting Attorney, *Jones, Voorhees & Stephens*, and *Feighan, Wells & Herman*, for appellant.

*Jesse Arthur, Franklin W. Knight, John A. Peacock*, and *W. S. Dawson*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This case involves the construction of § 17 of the Penal Code.    We think there can be no difference of opinion between the appellant, the respondent, and the court, as to the rules of construction applicable to this case; but adopting and applying the rules of construction contended for by the appellant we are unable to conclude that the statute intended to break down the distinction that has always existed between libel and slander.    It is true that the use of the expression "words," if construed without reference to the rest of the section, would probably lead us to that conclusion; but while the rule is undoubted, that in construing statutes, words must be given their ordinarily accepted meaning, yet that must be taken in consideration with, and made subservient to, another imperative and absolutely necessary rule, that "the whole section must be construed together;" and considering the descriptive part of this section in connection with the latter part, which provides that every person who makes, composes or dictates a libel, or who publishes or willfully circulates such libel, etc., shall be punished, etc., plainly indicates that the expression "words," used in the section has reference to written or printed words.    This view is strengthened by the provisions of § 18, which define what publication of a libel is.    There is no provision in said section for the publication of a libel by oral language, as there certainly would have been if it had been the intention of the legislature to incorporate spoken words into the definition of libel.

The judgment is affirmed.

HOYT, SCOTT, STILES and ANDERS, JJ., concur.