No. 10,192.

FIRST NATIONAL BANK OF LAFAYETTE, COLORADO *v.* VAN GILDER.

Decided October 2, 1922. Rehearing denied November 6, 1922.

Motion to revise a decree of the district court. Motion denied.

*Affirmed.*

1. JUDGMENT—*Correction.* As between the parties, the district court has inherent power, after term, to correct a misprision or clerical mistake in an entry by the clerk of a judgment of the court; but if an erroneous judgment be rendered by the court

or judge, whether through inadvertence, or otherwise, it cannot be corrected or changed after term to conform to some finding or decree which the court did not make, and which is different from that actually rendered.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

· Mr. O. A. JOHNSON, for plaintiff in error.

Mr. JOHN L. SCHWEIGERT, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

VAN GILDER, defendant in error, as Receiver of the German-American Indemnity Company, plaintiff below, brought this action against the First National Bank of Lafayette, Colorado, to recover on the bank's two certificates of deposit issued to the Indemnity Company before its insolvency, and which later came into the possession of the receiver as part of its assets. The bank answered and counter-claimed for a judgment on two promissory notes, which, before the receivership, had been endorsed and transferred to the bank by the Indemnity Company, and later had been dishonored by the makers at maturity.

The trial was to the court without a jury, and the findings generally were that the plaintiff's claims were true and just, as were the claims of the defendant. The amount of the defendant's claims exceeded that of the plaintiff's. Prior to this action defendant had presented to the receiver for allowance, its claims based on these notes. The court, after finding that the claims of both parties were just, ruled that neither party was entitled to an affirmative judgment or decree in the pending action. It held that the plaintiff was not entitled to a judgment since the just claims of the defendant were in excess of the claims of the former. It also held that the defendant was not entitled to a judgment in this action for such

excess, because, prior to the institution of the action, the defendant had presented to the receiver, for allowance, its claim on these notes and must follow up such presentation and get relief, if entitled to any, in the receivership proceeding.

Neither party to this action has sought by a writ of error a review of this decree, and the correctness thereof, as actually rendered by the court is not questioned. This decree was rendered in December, 1917. In June, 1921, the defendant's counsel learned for the first time, as he says, that the decree as entered in the judgment book by the clerk, was different from, and not, the decree which the trial court intended to, and did, render. The defendant thereupon filed in such action its motion to have the court correct and revise the decree of 1917, so as to make it "conform to the true facts and intentions of the court." At the time the 1917 decree was rendered Judge Strong was the presiding judge and tried the case. Judge Graham heard and decided the motion to correct and revise, Judge Strong's term having theretofore expired. The court denied the motion and it is this judgment of denial which the defendant seeks to have reviewed in the pending writ of error.

As counsel are silent as to the right of a review of this motion, only in connection with a writ of error to review the 1917 decree, we shall not consider that question. Upon the hearing of this motion before Judge Graham, record and oral evidence was heard. The findings and decree made by Judge Strong are as follows:

"Wherefore general finding is for the defendant, the Court further finds that all claims set forth by Defendant are admitted by the receiver as proper claims against the estate, though he denies the right of set off or affirmative judgment herein; and further that the defendant at this time of rendering findings and judgment by its attorney doth waive its claim to affirmative judgment herein for the excess of its claims, relying upon the due protection of the same in the receivership.  *  *  *

The Court having this day ordered that judgment be entered herein in accordance with the findings of the Court, now, therefore,

It is considered by the Court that the said plaintiff take nothing by his said suit, and that the said defendant go hence hereof, and recover of and from the said plaintiff his costs in this behalf laid out and expended, to be taxed, and have execution therefor. Judgment entered. Dec. 29, 1917."

The motion to correct and revise asks that the words "doth waive" in the court's findings be changed to read: "doth withdraw by leave of court", and that what the motion calls "the first paragraph of said judgment", in which it is declared "that this action is hereby dismissed at the cost of the plaintiff", etc., be changed to read:

"It is, therefore, considered, adjudged and decreed that this action is hereby dismissed at the cost of the plaintiff, reserving to the defendant the right, without prejudice, to maintain its claim or claims theretofore filed in the Receivership proceedings in the District Court of the City and County of Denver as to the excess of its said claims over the claim of the plaintiff herein."

The motion does not allege a misprision or clerical mistake in an entry by the clerk of a judgment or decree which the court did not render. On the contrary, it says that the decree, changes in which are asked, was rendered in the manner and form as above quoted, "through inadvertence and an oversight on the part of the court."

In the brief of its counsel, plaintiff in error relies for a reversal of the judgment denying the requested changes in this decree, solely because the trial judge thought that jurisdiction was lacking to change a decree to make it speak the truth. There can be no doubt that, as between the parties, the district court has the inherent power, after the term, and upon seasonable application therefor, to correct or change a judgment, as entered by the clerk, which is materially different from or other than the decree, as actually rendered by the court. This is the doctrine of

the courts of this country generally. In *Bessemer Irr. Co. v. West Pueblo D. & R. Co.*, 65 Colo. 258, 176 Pac. 302, the opinion collates a number of our previous decisions which clearly state the established doctrine of this court in line with the great majority.

Plaintiff in error's assignment that its motion to correct was denied because the court thought jurisdiction was lacking, is based upon the following statement of Judge Graham: "Now gentlemen what has been written has been written. Here it is just as read. The court cannot change it. If I changed this record the court would be changing records year after year. The motion is denied."

Just what the learned Judge had in mind may not be altogether clear. Possibly the quoted statement was not all that he said. However that may be, other parts of the record abundantly show that the denial of the motion was not for lack of power in the court to make the decree speak the truth. Indeed, the fact that the court heard all the evidence, record and oral, offered by the defendant in support of its motion, is persuasive that the court was of the opinion that the power existed, and a correction, in a proper case, could be made. if the evidence brought the case within the rule announced in the Bessemer case, *supra*.

The sentence above quoted: "The court cannot change" taken as it should be, in connection with the entire record, evidently means that the change cannot be made, not because the power to change is lacking, but because the evidence is insufficient, and that the attempt, under the guise of a motion to correct a jugment not actually rendered, was not to make it speak the truth, but only an abortive effort to revise a decree, which the court actually rendered. It is an attempt, under the guise of a motion to correct, to set aside, and to hold for naught, a decree which the court intended to, and did, render, because of a misapprehension by the presiding judge as to its scope and effect.

It is only mistakes, clerical in their nature, that can be corrected in a proceeding of this character. The defendant, upon the hearing of this motion, filed an affidavit of Judge Strong who made the decree. Therefrom it conclusively appears that he, himself, prepared his findings and decree just as they appear in the decree of which a copy is hereinabove set out, and that the clerk entered the same in the records exactly as prepared by the Judge. If there are any mistakes in the findings or decree, as alleged in this motion, they are not clerical, whether made by the judge or the clerk. In the making of findings of fact, and rendering a decree, the court or judge is exercising a judicial discretion, is performing a judicial function, and mistakes made by him, whether through inadvertence or otherwise, of this character, cannot, after the term, be corrected to make them conform to some finding, or a decree, that the court did not make, and which is different from the decree which was actually rendered, even though its pronouncement was the result of a mistake of the judge. *Forker v. Hopkins, et al.*, 64 Colo. 325, 171 Pac. 361.

This motion was properly denied. It is a belated and unseasonable effort to set aside findings of fact made by the court, and to substitute for a decree based thereon and prepared by the judge, another decree which the court, as a matter of fact, did not render. This ruling is right for another reason. The alleged mistakes were committed by the judge in the exercise of his judicial discretion. We add that the clerk of the court testified and produced written memoranda made by him at the time, tending to show that the decree, as spread upon the records, was actually pronounced by the judge. Indeed, the affidavit of Judge Strong says that the findings in the decree were somewhat hurriedly prepared as to form, but that his clear intent and purpose was to effectuate a dismissal of the action without prejudice to the defendant bank further to prosecute its claims, already filed with the receiver, in proceedings pending in the district court of the City and

County of Denver, as to the excess thereof above the claims sued upon by plaintiff in the action in the district court of Boulder county. It is apparent from the evidence that the mistake, if any, made by the judge was in supposing that the decree, as prepared by him, effectuated such result. The plaintiff in error here evidently was, and is, of the opinion that the decree had no such effect as Judge Strong thought it had; otherwise it would not have sought to have a change therein made.

We do not hold that the decree of 1917 does not permit the bank to prosecute its claim in the district court of the City and County of Denver. That question is not presented for decision. It further appears from the record that before, and after, the bank, through its counsel, discovered the alleged mistake in the decree, it was not diligent in prosecuting its claim upon these notes in the receivership proceeding.

In 15 R. C. L., p. 678, *et seq.*, is a valuable statement of the law applicable to the questions here presented. The trial court was justified in denying this motion, not only for lack of proof, which must be clear and convincing, but because the alleged mistake was not a misprision or mistake of a clerical nature. Other reasons might be given for the affirmance, but the foregoing are ample. The judgment denying the motion is right and is accordingly affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.