No. 13,036.

OSBORNE *v.* MacDONALD.

(8 P. [2d] 707)

Decided February 15, 1932.

Mr. B. A. GATES, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

IN an action founded upon tort, the jury found the issues for the plaintiff, J. C. Osborne, and against the defendants, George MacDonald and W. M. Hopkins. The

verdict stated that, in committing the tort complained of, the defendants were guilty of fraud and willful deceit. The court denied the defendants' motions for a new trial, and, on January 2, 1931, entered judgment for $5,850, the amount of damages assessed by the jury, and, pursuant to C. L., section 5965, ordered that the defendants be committed to jail on a body execution for the term of six months, to be released, however, upon the payment of the judgment. To that judgment the defendant MacDonald sued out a writ of error, which we dismissed on July 11, 1931, for his failure to prosecute. In the meantime MacDonald had left the state. He returned to Colorado, however, on June 29, but later left Denver on four occasions, remaining away about one week each time. On October 9 he was arrested under the body execution and, pursuant to its command, was committed to jail. On January 6, 1932, more than one year after the judgment was rendered, he petitioned for a modification of the judgment so far as it related to the term of his confinement in jail. The petition stated that MacDonald did not personally profit by the fraud; that Hopkins was to pay him a commission for his part in the transaction, but failed to make the payment; that in fact MacDonald lost more than $1,000 in the transaction; that he had no money with which to pay the judgment; and that he could earn no money while in jail. On January 14, over the objection of Osborne, the court modified the judgment by reducing the time of MacDonald's confinement from six months to 110 days. That order is challenged in this proceeding.

It is not claimed that the judgment was entered without jurisdiction. Nor was the application made, under section 81 of the Code of Civil Procedure, to set aside the judgment as having been taken through mistake, inadvertence, surprise or excusable neglect; there was no basis for such an application, and if there had been, the application would have been too late.

Ordinarily a court cannot, in the absence of a

permissive statute, set aside or modify its judgment upon application made after the expiration of the term. However, there are exceptions to the rule. Thus, where a judgment is entered without jurisdiction of the defendant, the court has inherent power to set it aside at a subsequent term. *Jotter v. Marvin,* 63 Colo. 222, 165 Pac. 269; *DuBois v. Clark,* 12 Colo. App. 220, 55 Pac. 750. And in *People, ex rel. King v. District Court,* 76 Colo. 169, 229 Pac. 1113, we held that where a judgment debtor, through no fault of his own, fails to get before the reviewing court a bill of exceptions necessary to a review of the errors assigned by him, the trial court has jurisdiction to set aside the judgment and grant a new trial after the expiration of the term at which the judgment was rendered. So, also, as between the parties, a court has inherent power to correct, at a subsequent term, a clerical mistake in the clerk's entry of a judgment of the court. *First National Bank v. Van Gilder,* 72 Colo. 164, 210 Pac. 74.

There may be other exceptional instances where a court, in the interest of justice, may modify its judgment at a subsequent term; but no case has been called to our attention, and we have found none, where a modification of a judgment at a subsequent term has been held to be permissible upon a showing at all comparable to that made in the present case.

In our opinion, the trial court, in modifying the judgment, committed reversible error.

The judgment is reversed.