## No. 16,780.

### GREEN v. HOFFMAN.
(251 P. [2d] 933)

Decided February 11, 1952. Rehearing denied December 22, 1952.

Mr. F. W. HARDING, for plaintiffs in error.

Mr. KENNETH W. ROBINSON, Mr. ROBERT D. CHARLTON, Mr. ROBERT SWANSON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE JACKSON delivered the opinion of the court.

THIS case arises as a corollary from a previous case, *Green v. Hoffman,* 124 Colo. 61, 234 P. (2d) 622, when, with the same parties before us and in the same order, we affirmed a judgment of the trial court granting a mandatory injunction compelling Green to endorse a check, dated May 3, 1948, in the amount of $12,956.09, drawn on The First National Bank in Loveland to the order of the Adams Packing Company, and signed by Halley Carroll as the maker.

Our judgment became final and remittitur issued August 6, 1951. September 6, 1951, Hoffman filed motion in the trial court to tax costs and allow interest. The decree of permanent injunction against Green had been granted under date of October 10, 1949, "the same being one of the regular juridical days of the September, A. D. 1949, term of the court." It is apparent that the foregoing motion to tax costs and interest was filed approximately two years after the awarding of the injunction

and a number of terms of court had intervened in the meantime. This motion was contested by Green and, after argument, the trial court granted the motion and entered judgment for $1,206.35, of which $61.90 was allowed as costs and $1,144.45 as interest from January 26, 1949 until July 17, 1950—being the time that Hoffman was deprived of the use of the funds represented by the above mentioned $12,956.09 check on account of Green's refusal to endorse the check and the time consumed by the subsequent litigation. The trial court further ordered that the amount of the bonds—one in the principal sum of $500 and the other $300—"heretofore posted by the defendants with the clerk of the court be applied against said judgment and paid to the plaintiff by the clerk of the court."

The original complaint in *Green v. Hoffman, supra,* not only contained a prayer for injunctive relief, which was granted, but also for an award of interest and costs. However, in the judgment granting the injunction, no reference was made to interest and costs. Green does not contest the assessing of costs, but has sued out a writ of error attacking the validity of the award of interest. His counsel relies on the general proposition stated in 49 C.J.S., page 461, section 247, which deals with the allowance of interest, and reads in part as follows: "However, judicial error in passing on the right to interest, or in fixing the amount of interest to be recovered, *or in failing to make any provision for interest in the judgment,* cannot be corrected by amendment, at least after the term." (Italics supplied.) · His argument, in effect, is that the question of interest was raised by the pleadings in the former case, and that when the trial judge, in granting an injunction, failed to allow any interest then the court, in a subsequent term, had no power to make such an interest award. *Goldreyer v. Cronan,* 76 Conn. 113, 55 Atl. 594. Counsel for Green also takes the position that in the absence of statute, which it is contended

does not exist in Colorado, the courts have no power to award interest.

Counsel answers the latter contention by citing *Bankers Trust Co. v. International Trust Co.,* 108 Colo. 15, 113 P. (2d) 656, in which we said:

" * * * the courts of this state, even when interest is not recoverable under the statute, by distinguishing between interest as such, and interest as damages, many times have allowed the equivalent of interest in the way of damages for the tortuous taking and detention of money or property. * * * " Hoffman's counsel also relies on *Brown v. First National Bank,* 49 Colo. 393, 400, 113 Pac. 483, wherein the following appears: "When such interest is not provided for by statute, the courts of this state have allowed its equivalent in the way of damages for the taking and detention of the money." His position is that not until the final affirmance and return of the moneys to Hoffman could the court enter an award for interest.

Green's counsel makes no complaint relative to the proposition laid down in the two cases, supra, upon which Hoffman's counsel relies, pointing out that in both those cases interest was awarded simultaneously and as a part of the judgment which is the antithesis of what occurred in the instant case.

Our court seems to have adopted the distinction that other jurisdictions have generally approved, namely: that as between the parties the trial court has inherent power, after term, to correct a misprision or clerical mistake in an entry by the clerk of the judgment of the court; but if an erroneous judgment be rendered by the court or judge, whether through inadvertance or otherwise, it cannot be corrected or changed after term to conform to some finding or decree which the court did not originally make and which is different from that actually rendered. *First National Bank v. Van Gilder,* 72 Colo. 164, 210 Pac. 74. This rule we subsequently ap-

proved in *Osborne v. MacDonald,* 90 Colo. 292, 8 P. (2d) 707.

The rule that, in the absence of statutory provision, judgments regularly rendered are beyond the control of the court after the term has expired, seems to have been approved in the early history of our court. *Exchange Bank v. Ford,* 7 Colo. 314, 3 Pac. 449. The federal court in this jurisdiction also seems to have followed this rule in *Reed v. Howbert,* C.C.A. Colo., 77 F. (2d) 227, when it held that if the court erred in failing to provide for interest on the amount recoverable from the Collector of Internal Revenue from the date of judgment to the date of payment, the error was judicial and not subject to correction after expiration of the term in which the judgment was rendered. Such seems to have been the situation prior to the adoption of our Rules of Civil Procedure. Because of the latter it may now be argued that Rule 6 (c) has made inapplicable the foregoing cases, the paragraph reading as follows: "The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it." We believe, however, that the applicable rule here is not the foregoing Rule 6 (c) and any amendments thereto, but Rule 59 (e) which reads: "A motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." Amended Rule 6 (b) goes one step further and provides that the court "may not extend the time for taking any action under Rules * * * 59 (e), * * * ."

All the foregoing rules appear in the Rules of Civil Procedure containing the amendments effective August 18, 1951. Prior to that date Rule 6 C (c) was in effect substantially in the form of Rule 6 (c) supra. Rule 52 (b) also was in effect, the first sentence of which reads as

follows: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

▇ In the instant case the trial court was in position, at the time it granted the mandatory injunction, to enter judgment, if it saw fit, in favor of Hoffman for interest on the amount of the unendorsed check from the date that Green had failed to endorse it to the date of the judgment. Since Hoffman failed to see that this item of his pleadings was included in the judgment of the court, it would seem too late, under the foregoing authorities, for him to expect the trial court to amend its judgment approximately two years later.

The judgment is accordingly reversed.

Mr. Justice Moore does not participate.