No. 16,782.

CLARK *v.* HICKS ET AL.
(252 P. [2d] 1067)

Decided January 19, 1953.

26

Mr. JOSEPH P. CONSTANTINE, for plaintiff in error.
Messrs. DENIOUS & DENIOUS, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE will refer to the parties herein either by name or as they appeared in the trial court, where plaintiff in error was defendant and the defendants in error were plaintiffs.

The record discloses that Elizabeth Ann Hicks, a minor, one of the defendants in error, was a guest passenger in a car driven by plaintiff in error, Clark. Shortly after eight o'clock P.M. on September 17, 1948, Clark was driving his automobile south on the Denver-Colorado Springs Highway. Approaching a hill on said highway, Clark came upon a truck also proceeding in a southerly direction on the highway. The truck had seven red lights on the back thereof, which lights were plainly visible and were seen by Clark for some distance. As Clark overtook and attempted to pass the truck, a car operated by one Webster approached from the opposite direction with headlights plainly visible. The highway along which Clark proceeded was marked by a white

line in the center, spanned by a double yellow line. A sign erected by the State Highway Department alongside the road, forbidding traffic to cross said yellow line, was seen by Clark when his car was still a considerable distance behind the truck. The truck was proceeding at a comparatively slow rate of speed and Clark testified that at the time he attempted to pass the truck he was driving his car at a speed of between 45 and 50 miles per hour. Plaintiff in error drove his car on his left side of the highway in attempting to pass the truck and actually saw the car driven by Webster approaching on the same portion of the highway. The record discloses that when Clark saw the Webster car approaching he applied his brakes, swerved to the left and again to the right and laid down 151 feet of skid marks on the pavement; that the car swerved to the shoulder of the road and traveled an additional 54 feet, again entered the highway, turned over on its left side and slid into the front end of the Webster car, which vehicle was then proceeding at a speed estimated to be from three to five miles per hour. The Clark car was virtually demolished. Elizabeth Ann Hicks was injured and brought suit not only against plaintiff in error but also against Webster to recover damages, alleged to be $10,600, and costs. Her mother, Wilma Kronesberger, was also a party plaintiff and demanded judgment in the sum of $6,400 and costs for moneys expended by her on behalf of her minor daughter for doctor bills, hospital charges and loss of the services of her daughter. The allegations of the complaint against Clark were sufficient to bring the case within the provisions of the "guest statute." Each defendant denied the allegations of the complaint, set up as defenses unavoidable accident, contributory negligence, assumption of risk, and Clark set up the guest statute section 371, chapter 16, '35 C.S.A. as a bar to recovery by plaintiffs. Clark alleged that the proximate cause of the accident was the negligence of Webster, who

likewise alleged the accident was proximately caused by the carelessness and negligence of plaintiff in error.

Trial was to a jury, and its verdict was in favor of Webster on plaintiff's complaint. The jury resolved the issues against Clark and returned a verdict for Elizabeth Ann Hicks for $2,500, and another in favor of her mother for $362.55. These verdicts were returned on May 22, 1951, on which date judgment was entered thereon, and the trial court allowed plaintiff in error twenty days in which to file a motion for new trial, and such motion was filed. On the same day that the motion for a new trial was overruled, the trial court permitted plaintiffs to amend their complaint by inserting in the prayers thereof the words "and interest at 6 per cent per annum from the dates of filing this complaint," and the judgments in the case were amended by adding to the judgment in favor of Elizabeth Ann Hicks the sum of $275.00 interest, and by adding to the judgment in favor of Wilma Kronesberger interest in the sum of $39.88.

It is urged on behalf of plaintiff in error that the evidence was insufficient to warrant a submission of the case to the jury as against defendant Clark; that the court erred in not directing a verdict in his favor; that the damages awarded Elizabeth Ann Hicks were excessive; that the giving of Instruction No. 13 was prejudicial error; and that the court erred in permitting the complaint to be amended to include a prayer for interest, and in amending the judgments to include interest.

■■ At one place in his testimony, Clark admitted that he was driving 50 miles per hour immediately preceeding the accident. He said he could stop his car in 64 feet while traveling 45 miles per hour. It is undenied that after applying his brakes plaintiff in error's car traveled 151 feet on the pavement, another 54 feet on the shoulder of the road, was still going so fast that his auto was on two wheels part of the time; and when he got back on the road his car overturned and slid another 18 feet on its side into the Webster car. Most of this

distance was uphill. Whatever the speed of the Clark car, the consequent results clearly demonstrate that it was excessive and beyond the driver's control. His deliberate and conscious conduct, as disclosed by the record, was in violation of the road sign and the yellow markings on the highway. "Willful acts and omissions are conscious acts and omissions." *Millington v. Hiedloff,* 96 Colo. 581, 45 P. (2d) 937. Under the rule announced in *Jaeckel v. Funk,* 111 Colo. 179, 138 P. (2d) 939, and our recent pronouncement in *Dameron v. West* (decided November 3,. 1952) the trial court did not err in submitting the case to the jury. The damages awarded were not excessive. Elizabeth Ann Hicks suffered cuts, abrasions, a broken collarbone and other injuries.

■ Nothing appears in the record to indicate that the verdict was the result of partiality, prejudice, or obvious mistake by the jury. The assessment of damages is within the exclusive province of the jury under proper instructions. *Riss & Co. v. Anderson,* 108 Colo. 78, 114 P. (2d) 278.

■ Defendant's sole objection to any of the instructions given by the trial court was to Instruction No. 13, which reads as follows:

"Instruction No. 13

"In order for you to find under the provisions of Chapter 16, Section 371, 1935 Colorado Statutes Annotated, as set forth in Instruction No. 12, for the plaintiff, Elizabeth Ann Hicks, who was a guest in the car of the defendant, Newton R. Clark, it is necessary that you find from a preponderance of the evidence one of the three following conditions:

"First: That the accident was intentional on the part of the defendant, Newton R. Clark; or,

"Second: That the accident was caused by the intoxication of Newton R. Clark; or,

"Third: That the accident was caused by the negligence of Newton R. Clark, consisting of a wanton or wilful disregard of the rights of others.

"It is agreed by all parties that the defendant, Newton R. Clark, was not intoxicated at the time of the accident.

"And in determining whether the defendant, Newton R. Clark, is so liable, you may take into consideration whether, though he had no intent to injure, he was conscious of his conduct and from a knowledge of surrounding circumstances and existing conditions knew, or should have known, that to continue his course of conduct would naturally and probably result in injury; and you may further take into consideration whether his conduct was such that under the circumstances it indicated to an ordinarily intelligent person an indifference to the injurious consequences that may result. If you so find, your verdict may be for the plaintiffs and against the defendant, Newton R. Clark. Otherwise, your verdict should be for the defendant, Newton R. Clark."

We perceive no error in this instruction when read in connection with the other instructions given the jury. The "Guest Statute" was fully set forth in instruction No. 12, and by instruction No. 14 the jury was told what constituted willful and wanton acts and omissions. There was no objection to instruction No. 14 and it complied in every respect with our decisions.

Defendant's objection to instruction No. 13 was that, it left an inference that the injuries sustained by plaintiff were intentionally inflicted and that the inclusion of the words "that to continue his course of conduct would naturally and probably result in injury," was error because "there is no evidence that the defendant's conduct was continuous." The objection was without merit. *Jaeckel v. Funk, supra.*

Speed may, under some circumstances, indicate in and of itself a reckless disregard and indifference to the consequences that may ensue to the guest in an automobile. *Millington v. Hiedloff, supra.*

In the instant case, defendant knowingly was flirting with danger without necessity compelling him to take the chance. Here, on a dark night, while driving his car

at a high rate of speed, he attempted to pass a slow moving truck on an upgrade, drove his car off on the wrong side of the road, ran off the road, came back upon it while traveling on two wheels, turned his car over and slid into the Webster car, all due to "taking a chance" and flirting with danger when there was no occasion to do so.

The language employed by Mr. Justice Burke in *Dwinelle v. Union Pacific R. R. Co.*, 104 Colo. 545, 92 P. (2d) 741 is applicable to the present case. It is as follows: "But testing the case * * * by broad general principles and interpreting the facts of the case against Cox as the jurors were entitled to interpret them, and guided by common sense and the common experience of mankind, we are forced to the conclusion that the court was right and the jurors well within their province. In truth a contrary result would have been more surprising and open to more serious objections than that here reached."

We now come to the specification of error regarding the amendment of the complaint and the addition of interest to the judgments. Section 5, chapter 50, '35 C.S.A. provides as follows: "In all actions brought to recover damages for personal injuries hereafter sustained by any person, resulting from or occasioned by the tort of any other person, * * * and whether such injury shall have resulted fatally or otherwise, it shall be lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed, and, when such interest is so claimed, it shall be the duty of the court, in entering judgment for the plaintiff in such action to add to the amount of damage assessed by the verdict of the jury, or found by the court, interest on such amount, calculated at the legal rate from the date such suit was filed to the date of entering said judgment, * * * "

Plaintiff in the original complaint made no demand for interest. Interest in Colorado is a creature of statute. *Denver Horse Importing Co. v. Schafer*, 58 Colo. 376, 147

Pac. 367. In *City of Boulder v. Stewardson*, 67 Colo. 582, 189 Pac. 1, we held that the interest statute, being in derogation of the common law, must be strictly construed. The same rule was announced in *Dobbs v. Sugioka*, 117 Colo. 218, 185 P. (2d) 784, and set forth in 59 C.J., p. 1124.

It must be remembered that judgment on the verdicts was entered at the time they were received. To permit an amendment of the complaint to add interest more than ten days after the judgment had been entered, was error. *Green v. Hoffman*, 126 Colo. 104, 251 P. (2d) 933, decided February 11, 1952.

Plaintiffs not having demanded interest prior to the entry of judgment, waived this demand which the statute provides must be made in the complaint.

It is ordered that the judgments be modified so as to exclude therefrom any interest on the damages assessed by the jury. The judgments to the extent that they are upon the verdicts are affirmed. The cause is remanded for the entry of judgments conforming to this decision.