**COLUMBINE BEVERAGE COMPANY, a Colorado corporation, Plaintiff-Appellant,**

v.

**CONTINENTAL CAN COMPANY, INC., a Delaware corporation; State of Colorado, Department of Revenue, and the City and County of Denver, Defendants-Appellees.**

No. 82CA0479.

Colorado Court of Appeals, Div. I.

Nov. 18, 1982.

Rehearing Denied Dec. 23, 1982.

Certiorari Denied May 2, 1983.

Morrato, Bieging, Burrus & Colantuno, P.C., John E. Burrus, Englewood, for plaintiff-appellant.

Shafroth & Toll, P.C., John F. Shafroth, Denver, for defendant-appellee Continental Can Co., Inc.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Billy Shuman, Asst. Atty. Gen., Max F. Zall, City Atty., Donald E. Wilson, Asst. City Atty., Denver, for defendants-appellees State of Colo., Dept. of Revenue, and the City and County of Denver.

PIERCE, Judge.

Columbine Beverage Company (Lessee) appeals the judgment against it which ordered it to reimburse the Continental Can Company, Inc., (Lessor) for sales taxes paid by Lessor to state and municipal taxing entities, incident to a long term lease executed by the parties. We affirm.

In 1974, the parties entered into a lease agreement regarding certain machines. This agreement contains neither a separate designation of sales tax due nor any provision for payment. Prior to commencement of this action, Lessor paid the sales tax to both Denver and the State on the subject transaction. At various times between the execution of the lease and the filing of the suit, Lessor invoiced the amount of taxes paid to Lessee but Lessee refused to make reimbursement. Lessee then brought this lawsuit for a determination of whether it was indebted to Lessor for these tax payments and Lessor countersued for the sums paid. Both sides filed motions for summary judgment. Lessor recovered judgment for the taxes paid plus interest. The parties do not dispute the taxable nature of their transaction or the amount of tax paid.

## I.

 The principal issue raised by Lessee is whether these taxes are imposed on the ultimate consumer or user, or on the retailer. The applicable statutes, § 39–26–101 et seq., C.R.S.1973, and the applicable ordinance, Denver Revised Municipal Code § 166.1, et seq., provide that the ultimate responsibility for the payment of the tax is on the consumer. While the retailer has the duty to collect the tax, it only acts as an agent of the state in this capacity. *Bennetts, Inc. v. Carpenter,* 111 Colo. 63, 137 P.2d 780 (1943); *Tri-State Generation & Transmission Ass'n, Inc. v. Department of Revenue,* 636 P.2d 1335 (Colo.App.1981). The retailer has no discretion in this issue, and because the matter is controlled by statute, the liability of the consumer to pay the tax does not rest on any contractual arrangement with the vendor regarding the collection or payment of these taxes. Therefore, it was not necessary for Lessor specifically to include the provisions for payment of the tax in its written lease agreement with Lessee.

Section 39–26–108, C.R.S.1973, provides that the tax cannot be absorbed by the retailer.

Because the statute expressly places the responsibility for ultimately paying the tax on the user or consumer, omission of tax information in the leasing agreement is not fatal to the collection of the debt. *Tri-State Generation, Inc. v. Department of Revenue, supra.* Therefore, we can only say that Lessor would have followed better procedure had such information been included in the contract.

## II.

 Lessee further maintains, however, that if a debt was created, any judgment or any portion of the debt arising more than three years prior to the commencement of this action is barred by § 39–26–125, C.R.S. 1973. We do not agree.

The trial court was correct in ruling that § 39–26–106(2)(a), C.R.S.1973, which states

in part that the tax "shall be a debt from the consumer or user to the retailer until paid and shall be recoverable at law in the same manner as other debts" is applicable here. Therefore, § 13–80–110, C.R.S.1973, which provides for a six-year statute of limitations, is the applicable statutory section. Hence, Lessee was liable to Lessor for the entire amount of tax which Lessor paid to the taxing authority on Lessee's behalf.

The judgment is affirmed.

COYTE and KELLY, JJ., concur.