**COLUMBINE BEVERAGE COMPANY,
a Colorado corporation,
Plaintiff-Appellant,**

v.

**CONTINENTAL CAN COMPANY, INC.,
a Delaware corporation,
Defendant-Appellee,**

v.

**WESTERN NATIONAL BANK OF DENVER, a national banking association,
Garnishee-Appellee.**

No. 85CA0220.

Colorado Court of Appeals,
Div. IV.

March 13, 1986.

Morrato, Bieging, Burrus & Colantuno, P.C., John E. Burrus, Stephen B. Shapiro, Englewood, for plaintiff-appellant.

Shafroth and Toll, P.C., C. Kevin Cahill, Denver, for defendant-appellee.

No appearance for garnishee-appellee.

ENOCH, Chief Judge.

Plaintiff, Columbine Beverage Company (Columbine), appeals from a judgment entered against Western National Bank of Denver as garnishee for interest in the amount of $6440 claimed by defendant, Continental Can Company, Inc. (Continental). We reverse.

In June of 1980, Columbine, as lessee, brought an action seeking declaratory relief against Continental, as lessor, for determination of liability for sales taxes incident to a long term equipment lease executed by the parties. In December of 1981, the trial court found in favor of Continental and ordered Columbine to reimburse Continental for applicable taxes Continental had paid in the amount of $30,552.76, plus "interest from the date of invoice against ... Columbine." Columbine subsequently appealed to this court, which affirmed the judgment. *Columbine Beverage Co. v. Continental Can Co.*, 662 P.2d 1094 (Colo. App.1982).

In May of 1983, Columbine paid Continental $48,216.40, representing the principal amount owed plus interest at the statutory rate under § 5–12–102, C.R.S. (1985 Cum.Supp.) from the date of Continental's shipping invoices to Columbine. Continental thereafter caused a writ of garnishment to be served upon Western National Bank of Denver (garnishee) in the amount of $6440, representing the difference between interest calculated at the statutory rate and the higher rate designated in Continental's shipping invoices.

In January of 1985, the trial court denied Columbine's motion to quash the writ, and entered judgment against the garnishee in favor of Continental for the amount claimed. Relying on § 4–2–207(2), C.R.S., of the Uniform Commercial Code, the court found that the higher invoice interest rate was an additional term that had become part of the original lease agreement between the parties. The court construed its original award of "interest from the date of invoice against ... Columbine" as requiring that Columbine pay interest at the invoice rate from the date of the invoice through the date of judgment and thereafter until satisfied. Columbine appeals solely from the court's award of interest at the invoice rate.

Columbine argues that the court lacked jurisdiction to modify its original order to require that Columbine pay the higher pre- and post-judgment invoice interest rate. We agree.

The finding by the court here was tantamount to granting a C.R.C.P. 52(b) or 59(e) motion altering or amending the judgment to include a construction of the parties' agreement as it applied to pre-judgment interest. As Continental did not file appropriate timely motions under C.R.C.P. 52(b), 59(e), or 60(b) in the original proceedings, the trial court lacked jurisdiction to hear, much less approve, Continental's assertion in the garnishment proceedings that, based on § 4–2–207(2), C.R.S., the higher invoice rate applied. *See Wesson v. Johnson*, 622 P.2d 104 (Colo.App.1980).

The circumstances here are distinguishable from those instances in which a court may amend its previous order to include interest required and mandated by statute, as was the situation in *Crosby v. Kroeger*, 138 Colo. 55, 330 P.2d 958 (1958), or those in which a written order prepared by a party did not accurately reflect the court's oral findings. *See Reasoner v. District Court*, 197 Colo. 516, 594 P.2d 1060 (1979). Accordingly, in the absence of a contrary finding by the court in its original judgment of December 18, 1981, the legal rate of interest as specified by §§ 5-12-101 and 5-12-102, C.R.S. (1985 Cum.Supp.) is the pre-judgment interest rate. *See Green v. Hoffman*, 126 Colo. 104, 251 P.2d 933 (1952).

The rate of post-judgment interest is likewise determined by statute. *Weston v. Mincomp Corp.*, 698 P.2d 274 (Colo.App. 1985). The current statute, § 5-12-102(4)(a), C.R.S. (1985 Cum.Supp.) permits judgments to accrue interest at the rate specified in the underlying contract, but only applies to judgments entered on or after July 1, 1983. The court here entered its judgment in December of 1981. Further, while § 5-12-106, C.R.S. (1985 Cum. Supp.) specifies that money judgments on appeal shall bear interest at the rate in accordance with the formula therein contained, this section applies only to judgments on which appeals are filed after January 1, 1983. The first appeal was filed before this date, and Columbine paid Continental the principal amount of the judgment plus interest on May 12, 1983. Therefore, this section is inapplicable.

Because of our holding above, we need not consider appellant's other contentions.

The judgment is reversed and the cause is remanded with directions to dismiss the writ of garnishment.

HODGES, Justice, and SILVERSTEIN, Judge,* concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24-51-607(5), C.R.S. (1982 Repl.Vol. 10).