ciple of judicial restraint requires avoidance of constitutional issues).

The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge TERRY and Judge STERNBERG * concur.

**Brenda SPERRY, Plaintiff–Appellant,**

v.

**Sherry FIELD, Defendant–Appellee.**

No. 07CA0282.

Colorado Court of Appeals, Div. III.

May 1, 2008.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Gradisar, Trechter, Ripperger, Roth & Croshal, Nicholas Gradisar, Pueblo, Colorado, for Plaintiff–Appellant.

Cain & Hayter, LLP, Craig W. Cain, Debra P. DeRee, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge LOEB.

In this action to recover damages for personal injuries, plaintiff, Brenda Sperry, appeals from the judgment against defendant, Sherry Field, in the amount of the jury verdict, costs, and postjudgment interest and from the order denying her motion for a modified judgment and for an award of postjudgment interest. We affirm.

## I. Background

Sperry was injured in an automobile accident caused by Field on December 24, 1997. Sperry brought an action in October 1999 to recover damages for personal injuries resulting from Field's negligence. It is undisputed that her action accrued on the date of the accident. In her complaint, Sperry failed to request prejudgment interest. A jury returned a verdict in favor of Sperry and awarded her damages of approximately $390,000. Judgment was first entered upon the jury verdict on July 19, 2004, which included an award of prejudgment interest.

Field timely appealed the judgment on August 30, 2004, asserting several contentions concerning the admissibility of evidence, jury instructions, and prejudgment interest. A division of this court rejected Field's contentions and affirmed on all issues except the issue of prejudgment interest. *Sperry v. Field*, 2006 WL 1702530 (Colo.App. No. 04CA 1764, June 22, 2006) (not published pursuant to C.A.R. 35(f) )(*Sperry I* ). The division concluded the trial court erred by awarding Sperry prejudgment interest from the date of her offer of settlement. *Id.* Citing *Clark v. Hicks*, 127 Colo. 25, 252 P.2d 1067 (1953), and *Clark v. Buhring*, 761 P.2d 266 (Colo.App.1988), the division further held that Sperry waived her right to any prejudgment interest because she failed to claim interest in her complaint. The division reversed only as to the prejudgment interest portion of the judgment.

Both parties petitioned the supreme court for a writ of certiorari. On November 13, 2006, the supreme court denied both petitions, and a mandate issued on November 20, 2006. The mandate stated, "This proceeding was presented to this Court on the record on appeal. In accordance with its announced opinion, the Court of Appeals hereby ORDERS: JUDGMENT AFFIRMED IN PART AND REVERSED IN PART."

Sperry then filed a motion with the trial court requesting entry of a modified judgment and an award of postjudgment interest. Sperry contended she was entitled to postjudgment interest calculated at the market-determined rate from the date of the accident to the date of satisfaction, compounded annually from the date the suit was filed. In her response, Field agreed that Sperry was entitled to postjudgment interest, but contended the interest should be calculated from the day the original judgment was entered, rather than the day of the accident.

The parties entered into an agreement under which Field and her insurer paid Sperry the undisputed sum of $435,363. The parties agreed this sum constituted the amount of the jury verdict, costs, and the undisputed interest from the date judgment was entered through December 15, 2006, the date of payment.

The trial court then denied Sperry's motion for postjudgment interest calculated from the date of the accident. Consistent with the parties' agreement, the court awarded Sperry postjudgment interest, calculated from the date judgment was entered, July 19, 2004, to the date of satisfaction, December 15, 2006. This appeal followed.

On appeal, the parties agree that, pursuant to the division's holding in *Sperry I*, Sperry was not entitled to prejudgment interest, because she waived her right to prejudgment interest when she failed to request it in her complaint. The parties also agree that, pursuant to section 13–21–101, C.R.S. 2007, Sperry was entitled to postjudgment interest calculated from the date the judgment was entered to the date of satisfaction at the market-determined rate. However, the parties disagree as to whether Sperry is also entitled to postjudgment interest calculated from the date her action accrued.

The sole issue on appeal is thus whether Sperry is entitled to postjudgment interest calculated from the date her action accrued to the date judgment was entered. We conclude she is not entitled to such interest.

## II. Postjudgment Interest

Section 13–21–101 provides, in pertinent part:

(1) In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person . . . it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury . . . interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975 . . . and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof. On actions filed on or after July 1, 1979, the calculation shall include compounding of interest annually from the date such suit was filed. *On and after January 1, 1983, if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, interest, whether pre-judgment or postjudgment, shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest annually from the date such suit was filed.*

. . . .

[ (2) ](b) If a judgment for money in an action to recover damages for personal injuries is appealed by a judgment debtor and the judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, interest, as set out in subsections (3) and (4) of this section, shall be payable from the date the action accrued until the judgment is satisfied. This interest shall be payable on the amount of the final judgment.

(Emphasis added.)

In *Rodriguez v. Schutt*, 914 P.2d 921, 930 (Colo.1996), the supreme court held that "the provision in section 13–21–101 relating to prejudgment interest on personal injury money judgments which the judgment debtor appeals violates equal protection." The court concluded that, at the time prejudgment interest is awarded, the distinction in section 13–21–101 made between classes of judgment creditors and judgment debtors has no rational basis in fact, and thus violates equal protection. *See id.* at 927. The court also concluded section 13–21–101, as applied to postjudgment interest, does not violate equal protection. *Id.* at 929.

▬ To cure the unconstitutional infirmity with respect to prejudgment interest in section 13–21–101, the supreme court concluded that the final sentence of section 13–21–101(1) must be read and applied as follows:

On and after January 1, 1983, if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, POST-JUDGMENT interest shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest annually from the date such suit was filed.

*Id.* Thus, as read and applied by the court in *Rodriguez*, in cases where interest is properly claimed by a plaintiff, section 13–21–101 provides for prejudgment interest on personal injury claims accruing at nine percent, regardless of whether the judgment debtor appeals. The court's ruling did not affect postjudgment interest in such cases, which continues to accrue at nine percent on judgments which the judgment debtor does not appeal, and at the market-determined rate on judgments which the judgment debtor does appeal. *See id.*

Sperry contends the trial court here erred by denying her claim for postjudgment interest calculated from the date of the accident to the date of entry of judgment. Specifically, she contends that, under the plain language of section 13–21–101(1), as read and applied by the court in *Rodriguez*, and section 13–21–101(2)(b), she is entitled to postjudgment interest calculated from the date her action accrued to the date of satisfaction. Field, by contrast, contends that Sperry's contention is merely a backhanded way of

claiming prejudgment interest to which she is not entitled, and that, under a proper interpretation of section 13–21–101, Sperry is only entitled to postjudgment interest calculated from the date judgment was entered in July 2004. We agree with Field.

### A. Standard of Review

Statutory interpretation is a question of law subject to de novo review. *Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006).

■ The right to interest on personal injury money judgments in Colorado is in derogation of the common law, and we, therefore, strictly construe section 13–21–101. *Rodriguez*, 914 P.2d at 925; *Clark*, 127 Colo. at 31–32, 252 P.2d at 1070. When construing a statute, a court's primary purpose is to effectuate the intent of the General Assembly. *Francis ex rel. Goodridge v. Dahl*, 107 P.3d 1171, 1176 (Colo.App.2005); *see Rodriguez*, 914 P.2d at 925. "To do so, we must read and consider the statute 'as a whole in order to give consistent, harmonious, and sensible effect to all of its parts.'" *Rodriguez*, 914 P.2d at 925 (quoting *Thurman v. Tafoya*, 895 P.2d 1050, 1055 (Colo.1995)). "We will give effect to the plain meaning of the statute's words and phrases, unless the result is absurd or unconstitutional." *Id.*

■ If the statutory language unambiguously sets forth the legislative purpose, we need not apply additional rules of statutory construction to determine the statute's meaning. *People v. Cooper*, 27 P.3d 348, 354 (Colo.2001); *Rodriguez*, 914 P.2d at 925. If, however, the statutory language lends itself to alternative constructions and its intended scope is ambiguous or unclear, we then look to legislative history, prior law, the consequences of a given construction, and the goal of the statutory scheme. *Suncor Energy (USA), Inc. v. Aspen Petroleum Prods., Inc.*, 178 P.3d 1263, 1266 (Colo.App.2007); *see Rodriguez*, 914 P.2d at 925.

### B. Ambiguity in Section 13–21–101

The issue we must resolve is when postjudgment interest begins to accrue on a personal injury judgment for money damages pursuant to section 13–21–101, in a case where the plaintiff is not entitled to prejudgment interest because it was not requested in the complaint. In our view, the plain language of section 13–21–101 is ambiguous and contradictory with respect to the date postjudgment interest begins to accrue.

The primary source of ambiguity, as applied to the facts of this case, is the assumption in the language of section 13–21–101 concerning postjudgment interest that a plaintiff properly requested interest in the complaint. Indeed, section 13–21–101 is silent as to the applicability of postjudgment interest where, as here, the plaintiff failed to request prejudgment interest in the complaint. Thus, it is not clear from the statute when postjudgment interest on a personal injury judgment for money begins to accrue where the plaintiff waives the right to prejudgment interest.

Adding further to the ambiguity of section 13–21–101 with respect to the date from which postjudgment interest accrues is the supreme court's revision in *Rodriguez* of the final sentence in section 13–21–101(1). Although the General Assembly has not modified or amended section 13–21–101 since *Rodriguez* was decided in 1996, as read and applied by the supreme court, section 13–21–101(1) now reads as follows:

> [I]f a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, POSTJUDGMENT interest shall be calculated ... from the date the action accrued....

*See* § 13–21–101 ed. note, C.R.S.2007.

In addition, section 13–21–101(2), which addresses interest in personal injury cases where the judgment debtor appeals, provides the "date the action accrued" as the accrual date for "interest" where a judgment debtor appeals. In contrast to the general statutory interest provision governing appeals by judgment debtors, section 13–21–101 does not expressly use the date judgment was entered for the accrual date under any situation. *Compare* § 5–12–106(1)(a), C.R.S.2007 ("interest ... shall be payable from the date of entry of judgment"), *and* § 5–12–106(1)(b)

("interest ... shall be payable from the date a judgment was first entered"), *with* § 13–21–101(2)(b) ("interest ... shall be payable from the date the action accrued").

■ However, *Black's Law Dictionary* 1204 (8th ed.2004) defines the prefix *"post-"* as meaning "after." Thus, under the plain meaning of the term "postjudgment interest," postjudgment interest cannot begin accruing prior to the date of judgment, such as the date the action accrued. We have found no authority, Colorado or otherwise, and Sperry cites to none, where the term "postjudgment interest" has been interpreted to mean something other than interest accruing after a judgment is entered.

Accordingly, in reading section 13–21–101(1) as applied in *Rodriguez*, we perceive a contradiction between the plain meaning of the term "postjudgment interest" and language in that section which seems to provide that the date of accrual for "postjudgment interest" is the date the action accrued. The final sentence of section 13–21–101(1), as read and applied by *Rodriguez*, thus lends itself to two alternative meanings: (1) the term "postjudgment interest" carries its ordinary and plain meaning, and relates specifically to the language providing for a market-determined rate of interest, but not to the date of accrual as set forth in that sentence; or (2) the term "postjudgment interest" does not carry its ordinary meaning, and is defined by both the market-determined rate and the date of accrual language.

### C. Interpretation of "Postjudgment Interest"

■ Because the final sentence of section 13–21–101(1) is susceptible of two alternative meanings, we look to legislative history, prior law, the consequences of a given construction, and the goal of the statutory scheme to determine the legislative purpose behind the sentence. *See Rodriguez*, 914 P.2d at 925; *Suncor*, 178 P.3d at 1266.

The General Assembly added the final sentence of section 13–21–101(1) by amendment in 1982. Ch. 39, sec. 3, 1982 Colo. Sess. Laws 227. Based on the title of the amendment, its legislative history, and its plain language, the court in *Rodriguez* determined the purposes of the amendment were to "eliminate the financial incentive (or disincentive) to appeal and to ensure that the judgment creditor whose satisfaction is delayed due to an unsuccessful appeal receives the time value of his or her money judgment." *Rodriguez*, 914 P.2d at 929.

■ Under Sperry's construction of section 13–21–101, a personal injury plaintiff is entitled to postjudgment interest calculated from the date the action accrued once a judgment debtor appeals, whether or not the plaintiff is entitled to prejudgment interest. We conclude this construction leads to illogical and absurd results which are inconsistent with the purposes of the statute and the plain meaning of "postjudgment interest." In cases where a plaintiff requests prejudgment interest and there is no appeal, it is undisputed that the plaintiff receives interest calculated at nine percent from the date the action accrued until satisfaction. Further, where the plaintiff is entitled to prejudgment interest, such interest is capitalized into the judgment and actually becomes part of the judgment itself. *See Francis*, 107 P.3d at 1176.

However, under the logical extension of Sperry's construction of the statute, when appealed, the judgment would then begin to earn an additional layer of "postjudgment" interest as of the date the action accrued. A judgment would thus earn "postjudgment interest" which, in essence, would be "postjudgment interest" upon prejudgment interest, yet earned simultaneously to prejudgment interest prior to judgment. As a consequence, for each day prior to the date judgment is entered, a plaintiff would earn a double award of interest, one at the prejudgment rate of nine percent, and another at the "postjudgment" market-determined rate. In our view, this result conflicts with the statutory purposes of the 1982 amendment because it amounts to a disincentive to appeal, and awards a judgment creditor more than the time value of his or her money judgment. *See id.* Further, in cases where the plaintiff is not entitled to prejudgment interest, as here, Sperry's construction would allow "postjudgment interest" to be calculated from a

date prior to the time that any judgment existed, again contrary to the purposes of the 1982 amendment. In either case, we conclude Sperry's construction of section 13–21–101 leads to an absurd result. *See Frazier v. People,* 90 P.3d 807, 811 (Colo. 2004) ("A statutory construction leading to an illogical or absurd result will not be followed."); *AviComm, Inc. v. Colo. Pub. Utils. Comm'n,* 955 P.2d 1023, 1031 (Colo. 1998)(the intention of the legislature will prevail over a literal interpretation of the statute that leads to an absurd result).

Rather, we perceive that the purposes of the 1982 amendment, as articulated by the court in *Rodriguez,* support the alternative construction of the amendment, which gives the term "postjudgment interest" its plain and ordinary meaning. Under this construction, the amendment only affects the rate at which interest is calculated when a judgment debtor appeals. Thus, a judgment creditor who requested prejudgment interest will receive the time value of his or her money judgment as if it were withheld from the day the action accrued, but nothing more. A judgment creditor who waived prejudgment interest would receive the time value of the judgment from the day judgment was entered. This construction is consistent with the amendment's purpose to eliminate a financial incentive or disincentive to appeal.

A construction of section 13–21–101 that calculates postjudgment interest according to the term's ordinary meaning is also supported by the history of Colorado's interest statutes and various amendments to those statutes. Before the predecessor to section 13–21–101 was enacted in 1911, *see* Ch. 114, sec. 1, § 6306, 1911 Colo. Sess. Laws 296, all judgment creditors, including personal injury judgment creditors, were entitled to postjudgment interest "on any judgment ... from the day of entering up said judgment until satisfaction." *See* R.S. '08, sec. 2, § 3162, 1889 Colo. Sess. Laws 206 (now codified with amendments at § 5–12–102, C.R.S. 2007).

Beginning in 1911, and continuing until 1975, the prior versions of section 13–21–101 provided for prejudgment interest on personal injury damages at the legal rate from the date suit was filed to the date judgment was entered. In 1975, the General Assembly amended the statute to provide for interest at nine percent rather than the legal rate, calculated from the date the suit was filed to the date of satisfaction, rather than to the date of judgment. *See* Ch. 151, sec. 1, 1975 Colo. Sess. Laws 569. The 1975 amendment thus extended the applicability of the statute's interest provisions to include what is generally known as postjudgment interest.

In 1979, section 5–12–102 was amended to explicitly exclude cases where section 13–21–101 applied. Ch. 55, sec. 2, 1979 Colo. Sess. Laws 315. In the same act, section 13–21–101 was amended to allow plaintiffs in personal injury actions to claim prejudgment interest from the time the action accrued, and to have prejudgment interest compounded annually from the date the suit was filed. *Id.*

Thus, prior to the 1982 amendment to section 13–21–101, the statute was the exclusive authority for any type of interest on a personal injury judgment and, assuming a plaintiff claimed interest in the complaint, contemplated one continuum of interest on personal injury money judgments, calculated from the date the action accrued to the date of satisfaction, compounded annually from the date the suit was filed. The language of the statute made no distinction between prejudgment interest and postjudgment interest, nor between cases that were appealed or were not, and all interest was calculated at nine percent.

In 1982, the General Assembly amended section 13–21–101 with the purposes of eliminating financial incentives or disincentives to appeal and compensating judgment creditors for the time value of their judgments. *See Rodriguez,* 914 P.2d at 929. In the same act that amended section 13–21–101, the General Assembly also enacted section 5–12–106. Ch. 39, sec. 1, 1982 Colo. Sess. Laws 227. Sections 5–12–106 and 13–21–101, as amended, both require the recalculation of interest at a market-determined interest rate where the judgment debtor appeals. *See id.*

However, the 1982 amendment to section 13–21–101 differed from section 5–12–106 in

several respects. Significant here, interest is calculated at the market-determined rate under section 5–12–106 from the date of judgment until the date of satisfaction. § 5–12–106(1)(a)–(b), C.R.S.2007. By contrast, interest is calculated at the market-determined rate under the 1982 amendment to section 13–21–101 from the date the action accrued. § 13–21–101(1)–(2). The 1982 amendment introduced the terms "prejudgment" and "postjudgment" into section 13–21–101(1) for the first time, using those terms to make clear the General Assembly's intent that all interest, "whether prejudgment or postjudgment," should be calculated at a market-determined rate when a judgment debtor appeals. It was the "prejudgment interest" aspect of this provision that the supreme court found unconstitutional in *Rodriguez.*

Because the General Assembly intended that the market-determined rate should apply to all interest, "whether prejudgment or postjudgment," in our view, its use of the date the action accrued as the date on which all interest is calculated does not suggest the General Assembly intended to create a new type of postjudgment interest that, in essence, would award personal injury plaintiffs double interest for the time period between the date the action accrued and the date judgment is entered. Nor does it suggest that, in cases where the plaintiff is not entitled to prejudgment interest, the plaintiff should recover postjudgment interest from the date the action accrued. Rather, we conclude the use of the date the action accrued as the first date on which interest is calculated merely reflects the General Assembly's intention that section 13–21–101(1) should apply to all interest, "whether prejudgment or postjudgment," in those cases where the plaintiff properly claims interest in the complaint.

Moreover, when the supreme court in *Rodriguez* revised the 1982 amendment to section 13–21–101(1) to cure a constitutional defect as to prejudgment interest only, it was concerned merely with the issue of the applicable interest rate when a judgment debtor appeals, rather than the language "from the date the action accrued." Further, contrary to the situation here, *Rodriguez* involved a

plaintiff who had requested and was entitled to prejudgment interest. Accordingly, contrary to Sperry's contention, we do not perceive that the court's revision of section 13–21–101(1) can be properly read to create a new type of postjudgment interest. *See Rodriguez,* 914 P.2d at 925 (section 13–21–101 to be strictly construed). In our view, the supreme court's revision of the last sentence in section 13–21–101(1), in cases where a plaintiff claims interest in the complaint, was not intended to apply to the language "from the date the action accrued," so as to authorize a new type of postjudgment interest that would reach back to the date an action accrues, thus awarding a judgment creditor double interest from that time until the entry of judgment. Similarly, in cases where, as here, prejudgment interest is not claimed and is thus waived, we discern no intent by the supreme court in *Rodriguez* to allow postjudgment interest from the date the action accrued (a date when no judgment even existed) rather than from the date the judgment itself was actually entered.

■ For the same reasons, we also reject Sperry's contention that section 13–21–101(2)(b) authorizes an award of postjudgment interest here from the date the action accrued. As with section 13–21–101(1), the language in section 13–21–101(2)(b) relating to date of accrual assumes that the plaintiff requested prejudgment interest in the complaint. Moreover, reading the two sections together, the clear purpose of section 13–21–101(2)(b) was simply to clarify that, where there is an appeal by the judgment debtor and the judgment is reversed or modified with a direction by the appellate court for the trial court to enter a new money judgment, it is the amount of that new and final money judgment on which interest is to be calculated.

■ Our resolution here is also consistent with C.A.R. 37, which provides:

If a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

The mandate from *Sperry I* did not expressly direct the trial court to calculate interest from a date prior to the entry of judgment. The trial court, therefore, had no jurisdiction to award interest accruing before the date judgment was first entered in July 2004. *See Pet Inc. v. Goldberg*, 37 Colo.App. 257, 259, 547 P.2d 943, 944–45 (1975).

### D. Conclusion

Strictly construing section 13–21–101, and looking to the legislative history, prior law, the consequences of a given construction, and the goal of the statutory scheme, *see Rodriguez*, 914 P.2d at 925; *Suncor*, 178 P.3d at 1266, we conclude that, under the circumstances here, where the plaintiff is not entitled to prejudgment interest and the judgment debtor appeals the judgment, the plaintiff is entitled to an award of postjudgment interest calculated from the date judgment was entered to the date of satisfaction. We thus reject Sperry's contention that she is entitled to postjudgment interest calculated from the date of her accident.

Accordingly, we conclude the trial court did not err in awarding Sperry postjudgment interest calculated from the date the judgment was entered to the date of satisfaction.

The order and judgment are affirmed.

Judge TAUBMAN and Judge HAWTHORNE concur.