[Crim. No. 508.   First Appellate District.—February 29, 1916.]

THE PEOPLE, Appellant, v. CHIN YOU, Respondent.

CRIMINAL LAW—IMPERSONATION—INFORMATION — ESSENTIALS OF. — An information charging one with impersonating another should allege affirmatively the things required by subdivision 3 of section 529 of the Penal Code, or else it should appear from the act of impersonation that the injury or the benefit referred to in the section would have been produced.

APPEAL from an order of the Superior Court of the City and County of San Francisco sustaining a demurrer to information.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. H. Riordan, Deputy Attorney-General, for Appellant.

Edward F. Moran, for Respondent.

THE COURT.—This is an appeal from an order sustaining a demurrer to an information, wherein the defendant was charged, under the provisions of subdivision 3 of section 529 of the Penal Code, with impersonating another person.   The demurrer was grounded mainly upon the contention that the information did not state facts sufficient to constitute a public offense, because it did not, either expressly or by implication, allege that the impersonation by the defendant of another person had the effect of making the latter liable to any suit or prosecution, or to pay any sum of money, or to incur any charge or forfeiture, whereby any benefit might accrue to the defendant or to any other person.

We think that the information should have alleged affirmatively the things required by subdivision 3 of section 529 of the Penal Code, or else that it should have appeared from the act of impersonation that the injury or the benefit referred to in the section would have been produced; that is to say, there might be a case where the very act of impersonation itself would show upon its face that an injury or a benefit would accrue; but if it did not so show, then the

information should have alleged in express terms that that benefit or that injury did accrue or occur, as the case might be. We think the order appealed from should be affirmed, and that is the order.