## No. 14,842.

### People *v.* Horkans et al.

(123 P. [2d] 824)

Decided March 2, 1942.

Mr. Byron G. Rogers, Attorney General, Mr. Gerald E. McAuliffe, Assistant, Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. James S. Henderson, Assistant, Mr. John A. Carroll, Mr. Anthony Zarlengo, Mr. Thomas H. Ryan, Mr. James T. Burke, for the people.

Mr. Foster Cline, Mr. Ford E. Williams, for defendant in error Horkans.

*En Banc.*

Mr. Justice Bock delivered the opinion of the court.

Defendants in error were charged, in two counts of an indictment, with: (1) conspiring to commit false impersonation; (2) the substantive offense of false impersonation in violation of section 338, chapter 48, '35 C.S.A., which section, inter alia, provides: "If any person shall falsely impersonate another, and in such assumed character: * * * 4. Does any other act in the course of any act or proceeding whereby if it were done by the person falsely personated, such person might in any event become liable to an action or special proceeding, civil or criminal, or to pay a sum of money, or to incur a charge, forfeiture or penalty, or whereby any benefit might accrue to the offender or to another person; such person shall be guilty of the crime of false impersonation and punishable as hereinafter provided." The charge here involved is based upon the following words in said paragraph 4 of said section: "Does any other act in the course of any act or proceeding * * * whereby any benefit might accrue to the offender or to another person." The court sustained motions to quash the indictment upon the ground that the two counts therein did not charge a violation of any law of the state, dismissed the cause, and discharged the defendants. Only defendant in error Horkans is represented here by counsel.

The people contend that the charge, laid in the words above quoted, is in the language of the statute and therefore, under the general rule, sufficient. '35 C.S.A., c. 48, §447. The charge in the second count is substantially in the same language as the conspiracy charged in the first count, and reads as follows: "That on, to wit, the eleventh day of April, A.D. 1939, at, to wit, the City and County of Denver, and State of Colorado, Emmett Horkans and John McIntosh did then and there wilfully, unlawfully, feloniously and falsely impersonate another, to wit, one Gilbert Peller, and in such assumed character did agree to take, and did take a civil service examination in writing given on the eleventh day of April, A.D. 1939, for the position of policeman in the said City and County of Denver by the Civil Service Commission of the said City and County, and by reason thereof the said Emmett Horkans and John McIntosh did receive a benefit therefrom, to wit, a certain sum of money from the said Gilbert Peller."

The trial court sustained the motions to quash on the theory that the statute in question "falls clearly within the classification relating to crimes against the person"; that therefore false impersonation must be without consent, for the purpose of obtaining money of the person falsely impersonated, and that the person who was impersonated must be victimized or suffer some detriment without his knowledge or consent.

We are not here concerned with a crime at common law but with one created by statute. The necessary elements for which counsel for defendant in error contend—if the words charging the crime sufficiently state an offense—are not found in the statute; nevertheless we are asked to so construe this section that the other language, in addition to that on which the charge is based, found in said paragraph 4, states elements necessary to constitute a crime thereunder. It is asserted that the indictment is deficient under said paragraph 4 if it does not allege that the person falsely personated did

"become liable to an action or special proceeding, civil or criminal, or to pay a sum of money or to incur a charge, forfeiture or penalty." In our opinion, there is no merit in this contention. The words above quoted, upon which the charge is based, sufficiently state a complete offense. The legislative intent, and meaning of the language used, are clear.

Counsel for defendant in error contend that paragraph 4 of section 338, supra, cannot properly be construed independently of the first three paragraphs thereof, and any construction must relate back to them. This is true when the statutory language upon which the charge is based is ambiguous, but when, as here, there is no ambiguity in the words used, there is no reason for construction. Sutherland on Statutory Construction, p. 439. We cannot, under any rule of statutory construction, read into a statute a meaning different from that which clearly appears from the wording of the act. The crime charged in the indictment clearly has no relation to said first three paragraphs, and this, counsel for defendant in error practically concede to be true.

In support of their contention that no offense is stated under our law, counsel for defendant in error cite *People v. Chin You,* 30 Cal. App. 18, 157 Pac. 523. The statute defining the offense which was under consideration by that court was in language somewhat similar to ours, but the points here involved were not there present. The vice in that information was the failure to allege that the injury or benefit mentioned in the section would accrue. This is expressly alleged in the indictment at bar, which sets forth the benefits which accrued to defendants. Another case cited by counsel for defendant in error is *Martin v. State,* 1 Tex. App. 587, but the language of the statute there involved was entirely different from that upon which the indictment before us is based, and therefore the case is not in point. In *People ex rel. v. Mallon,* 181 N.Y.S. 487, 191 App. Div. 443, the court was dealing with liability for false im-

personation under a statute somewhat similar to ours, and more particularly with that phrase in paragraph 4 immediately preceding the one with which we here are concerned. It does not relate to any act done and a benefit accruing therefrom to the offender, as in the instant case. No case is cited that directly touches on the language here involved.

■■ To "falsely impersonate" may mean to pretend to be a particular person without lawful authority. Peller had no legal right to authorize defendants to impersonate him in a civil service examination so as to unlawfully obtain for him a valuable privilege, viz., a civil service position; moreover, the offense of impersonation may be committed although the person who is impersonated is dead. 25 C.J., p. 578, §4. It is incorrect to say that the offense of false impersonation, historically, was imposed only to protect persons impersonated. We here are dealing with a statutory offense that makes no such exclusive imposition, and there exist many other similar impersonation statutes; in fact, counsel for defendant in error, in their brief, call our attention to such statutory provisions. Giving to section 338, supra, the usual and ordinary construction that the words thereof imply, it is our conclusion that it is an offense in this state to falsely impersonate another, and in such assumed character to do any act whereby any benefit might accrue to the offender or to another person.

■ While no cross errors touching the proposition are assigned, we nevertheless express the opinion that there is no merit to the contention of counsel for defendant in error that certain sections of the Code of Civil Procedure are applicable as to the extension of time granted by the trial court to permit the people, in a criminal case, to prepare and lodge the bill of exceptions. We may add that we have disregarded the depositions which appear in the record because they are not necessary in the consideration and determination of the questions presented.

The judgment is reversed, and the case remanded with directions to reinstate the indictment and to require defendants in error to plead thereto, and for such further proceedings as are in accord with the applicable law.

MR. JUSTICE HILLIARD not participating.