Plaintiff seeks judgment against defendant for $265.05, of which amount $15.05 represents the price of lumber sold and delivered and $250 represents the price charged for converting into molding a goodly quantity of pine and gum lumber furnished by the defendant. It is alleged that it required one hundred hours to do the processing and that a charge of $2.50 per hour was made therefor.
By amended petition, filed in response to an order of court sustaining a plea of vagueness, plaintiff alleged that the charge of $2.50 per hour was based upon a tacit agreement between him and defendant. But, in the alternative, he pleads that should it be held that there was no tacit agreement on the subject, he is entitled to recover on quantum meruit the amount for which he sued. He further avers that the charge was reasonable and in accordance with charges for like services then being rendered by millwrights and others engaged in like business in the City of Shreveport. After amicable demand on and refusal by defendant to pay the amount for which he was sued, the plaintiff caused to be registered a lien against the building in which the lumber was incorporated. Recognition and enforcement of this lien is prayed for.
Defendant admits owing the item of $15.05 and at the beginning of trial tendered the same with interest and accrued court costs to plaintiff. The tender was refused. Further liability is denied by defendant. He also admits that he did engage plaintiff to convert into molding a quantity of gum and pine lumber which he furnished. He avers that the work done by plaintiff was not at all satisfactory and that in order to put the lumber in a condition so that it could be utilized for the purpose desired, the very condition plaintiff obligated himself to accomplish, it was necessary that the molding be re-processed, which was done at a cost to defendant of $143.
Answering further, defendant alleges that if plaintiff is entitled to recovery of any amount on his alternative demand, it should be limited to $1.25 per hour for not over 40 hours; that the work was not done in *Page 757 
a craftsmanlike manner; that the claim of 100 hours to do the work and the charge of $2.50 per hour therefor, are both excessive and exorbitant. Defendant prays that plaintiff be required to accept the tender and that the inscription of the lien against his property be ordered canceled; and in all other respects, that plaintiff's demand be rejected.
[1] There was judgment for plaintiff for $122. Nothing is said therein about the lien. Only defendant appealed. Plaintiff has not answered the appeal, and, therefore, the judgment cannot be amended in his favor.
Obviously, the lower court charged plaintiff with the amount ($143) necessarily expended by defendant to re-mill the gum lumber. As to the pine molding, defendant admits it was in satisfactory condition. The controversy revolves around the gum molding.
The record does not fix the number of hours required to convert the pine lumber into molding. Plaintiffs testimony and that of his workman, in chief, is to the effect that it required at least 100 hours to do all the work. He was unable to produce respectable record of the exact number of hours employed to finish the work. One of defendant's witnesses corroborated plaintiff's contention on this issue. He said that about 100 hours would be required to run all the lumber through molding machines. Other witnesses were of a different opinion. On this issue the trial judge found for plaintiff. There is no manifest error in this ruling.
There was no agreement between the parties as to the price to be charged for the work. Therefore, this question also became quite controversial. The testimony is conflicting as to what the hourly charge should have been, but, taking the record as a whole, we are again disposed to agree with the lower court's finding on this issue. Defendant admits that he paid one workman $2.50 per hour for 40 hours to re-work some of the gum.
It is definitely established that the gum molding was in an unsatisfactory condition when delivered by plaintiff to defendant. The molding was desired for use in a building being constructed by defendant, who insisted upon it being finished interiorly in a first class manner. Plaintiff was positively informed concerning defendant's wishes in this connection and agreed to meet his desires fully.
Plaintiff contends that the gum lumber was green and wet, hence a finish of the character demanded by defendant could not be had. The record does not clearly sustain this position. However, if the lumber was in that condition, plaintiff should have so informed defendant and not have proceeded with the work until all had been re-milled. He had every reason to believe that defendant would not accept the lumber in the condition about which there is no disagreement. In addition to this, plaintiff's workman saw all the lumber and selected most of it before transferring it from the lumber yard to plaintiff's place of business. He made no objection to its condition.
[2, 3] The outlay made by defendant to render usable the gum molding was necessary. Before he did this he called upon plaintiff to re-work it in order to bring it up to required conditions, but plaintiff refused to do so. He was thereafter clearly in default; and in such circumstances, defendant was obviously within his rights when he made necessary expenditures to accomplish that which plaintiff was obligated to do and had failed.
[4] Testifying in rebuttal, plaintiff and his workman stated that it required 98 hours to process the pine lumber alone. This shift in position was manifestly resorted to in the hope of sustaining the demand without reference to a charge for processing the gum lumber; in other words, in practical effect, it implies that no amount had been sued for for processing the gum lumber. This position is palpably in conflict with the contention and position of plaintiff throughout the trial until defendant had closed. The position is untenable and the testimony in support of it should not be given the effect desired of it.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., absent. *Page 758