No. 19,934.

VERN TAYLOR *v.* ROY MAZZOLA.

(375 P. [2d] 96)

Decided October 1, 1962. Rehearing denied October 22, 1962.

554

Mr. Thomas C. Singer, for plaintiff in error.

Messrs. McComb, Zarlengo and Mott, Mr. William J. Baum, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

This is an action for damages for injuries resulting from an automobile collision. The parties are here in the same order as in the trial court and will be referred to accordingly.

In his complaint plaintiff alleged that the defendant negligently operated a dump truck and thereby caused the plaintiff's pick-up truck to collide with the dump truck, causing physical injuries and property damages to the plaintiff in the sum of $28,481.25. Defendant denied the essential allegations of the complaint and alleged contributory negligence as an affirmative defense. Trial was to a jury and a verdict was returned for defendant upon which judgment entered. Motion for a new trial was denied and plaintiff seeks relief here by writ of error.

According to plaintiff's version of the facts, it appears that he was driving north on U. S. Highway No. 87, north of Denver, Colorado, on June 5, 1959. Highway No. 87, at least the portion involved in this case, is a divided highway consisting of two northbound lanes and two southbound lanes with a dividing island between. Plaintiff asserts he was lawfully proceeding north in the right lane on the east side of the highway when he saw defendant's 15-ton truck about 150 to 200 feet ahead of him. He testified that he then turned into the left or

passing lane preparatory to passing the truck. As he was about to pass the truck it veered or swung wide into the left lane in order to make a right angle turn into a narrow work exit off the east side of the highway, causing a collision between the front of plaintiff's pick-up truck and the left rear of the dump truck driven by defendant. Plaintiff's pick-up was demolished and he was seriously injured.

Defendant testified that he was traveling in the right lane of the highway and that he had indicated a right turn with his directional signal about one-half mile from the point where he intended to turn and had slowed his speed to about five miles per hour. As he started to turn, and while still in the right lane, he was struck on the left rear of the truck.

One of defendant's witnesses was State Patrolman Wilton M. Tribble. He arrived at the accident scene approximately 25 minutes after the collision and after defendant allegedly had moved his truck off the highway onto the exit ramp, and after a hub cap and other debris had been cleared to one side. During his testimony there was marked for identification and later received in evidence a large piece of brown paper upon which he proceeded to draw the positions of the vehicles as he understood them to be at the time of the collision, the location of the trucks at the time of his arrival, skid marks on the right lane purportedly made by plaintiff's truck, the entrance area to the right of the highway into which defendant was purportedly turning, and the point of impact between the two trucks.

After defendant rested his case plaintiff called Robert Shipley as a rebuttal witness. He had arrived at the scene of the accident immediately after it occurred. Shipley was questioned as to whether he had examined the right front of plaintiff's pick-up and the left rear of defendant's truck when he was at the accident. At this point defendant objected on the ground that such testi-

mony concerned plaintiff's case in chief. Plaintiff then, out of the presence of the jury, made an offer of proof that Shipley's testimony would show that the condition of the two vehicles was such that the defendant was not making a turn to the right as defendant had earlier testified but instead was swinging wide into plaintiff's lane when the collision occurred; further that his testimony would show, contrary to defendant's evidence which was that the pickup struck the rear of the truck, that one of the pick-up's tire marks was on the left rear side of the truck. If this were so it is contended that the truck had to be headed left towards the passing lane when it was struck by the pick-up. The court ruled this testimony inadmissible. Shipley was, however, permitted to testify that photographs taken by Officer Tribble at the scene of the accident were taken after various articles and debris, as mentioned earlier, had been moved to the right side of the highway from their original resting places.

After plaintiff presented his rebuttal evidence defendant, in surrebuttal, called Officer Tribble. Tribble testified that the removal of the debris as stated by Shipley did not affect his former opinion as to the point of impact. Tribble also stated that due to the skid and the open portion of plaintiff's cab, the debris could have been thrown to the right of the road in the course of the accident itself. On cross examination of Tribble's surrebuttal testimony plaintiff attempted to introduce in evidence the drawing made by Tribble as part of his accident report. On this drawing the positions of the skid marks and the point of impact were considerably different from the positions sketched by Tribble on his drawing before the jury when he was examined in chief by defendant. Defendant objected to the drawing on the accident report on the ground that a portion of the report could not be admitted to the exclusion of the remainder. It should be stated here that several other

sections of the report were unfavorable to plaintiff, whom we note was alternately incoherent or unconscious when Tribble secured his information from defendant and by observation. Due to defendant's objections the trial court ruled the drawing inadmissible and refused to permit any cross examination of Tribble in regard to it.

We shall limit our consideration of the several grounds urged for reversal to two. They are:

1. That the court erred in refusing Shipley's testimony concerning the condition of the vehicles upon his arrival at the scene of the accident.

2. That plaintiff's Exhibit H, the drawing on the police report, was improperly denied admission in evidence for impeachment purposes.

In regard to plaintiff's first contention the record shows that in plaintiff's case in chief the plaintiff testified that he was in the left lane of traffic and that defendant veered into the left lane in front of plaintiff and thereby precipitated the collision. The defendant, on the other hand, testified that he was in the right lane and was turning off the highway at the time of the collision. The defendant's version of the facts was substantiated by the testimony of Officer Tribble. On rebuttal the plaintiff attempted to show by Shipley's testimony that the damage to the defendant's truck on the left rear was inconsistent with the prior testimony of defendant and Tribble relating to the position of the trucks at the point of collision. This was proper rebuttal testimony and should have been admitted. A party is not required to anticipate testimony the opposing party will offer in defense. When the defendant here presented his own testimony and that of Officer Tribble concerning the collision, the plaintiff was entitled to introduce any competent evidence to explain, refute, counteract or disprove the defendant's proof. *Brooks v. Nason*, 92 N. H. 66, 24 A. (2d) 493 (1942). This is so even if such

evidence tended to support plaintiff's case in chief. *Singer v. Central R. R.,* 121 N. J. L. 121, 1 A. (2d) 369 (1938). Even if considered improper rebuttal evidence (which this was not), it being otherwise material and competent, it should not have been rejected merely because offered out of regular order, especially where, as here, no unfair advantage is taken and the opponent is not prejudiced. *Ofstad v. Sarconi,* 131 Colo. 541, 546, 285 P. (2d) 828 (1955). Accordingly, the exclusion of such evidence was error. We are not impressed with defendant's contention that by this proferred rebuttal testimony plaintiff was attempting to alter the position which he had maintained up until the close of his main case. Cf. *Kansas Transportation Co. v. Browning,* 219 F. (2d) 890 (1955) and *Joiner v. Gafford,* (La.), 32 So. (2d) 756 (1947).

We next consider whether the court erred in refusing admission in evidence of the drawing on plaintiff's Exhibit H, the police accident report. The record discloses that Tribble admitted the discrepancy on cross examination. Having done so the inquiry on this point was at an end. See *Webb v. City of Seattle,* 22 Wash. (2d) 596, 157 P. (2d) 312 (1945). We need not then lengthen this opinion with a discussion of the admissibility vel non of such reports.

The judgment is reversed and the cause remanded with directions to grant a new trial.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.