Arthur C. CLARK, Plaintiff–Appellant,

v.

Gregory A. BUHRING,
Defendant/Third–Party
Plaintiff–Appellee,

v.

The CITY OF FOUNTAIN, Colorado,
and Robert Montoya, Third–Party
Defendants–Appellants.

No. 86CA0435.

Colorado Court of Appeals,
Div. I.

June 16, 1988.

Rehearing Denied July 21, 1988.

Certiorari Withdrawn Sept. 7, 1988.

Rector, Retherford, Mullen & Johnson, J. Stephen Mullen, Neil C. Bruce, Colorado Springs, for plaintiff-appellant and third-party defendants-appellants.

Sonheim, Helm & Less, Dale H. Helm, Arvada, for defendant/third-party plaintiff-appellee.

PIERCE, Judge.

Plaintiff, Arthur C. Clark (Clark), and third-party defendants, Robert Montoya (Montoya) and the City of Fountain, appeal judgments entered on jury verdicts in favor of defendant and third-party plaintiff, Gregory A. Buhring (Buhring). We affirm in part and reverse in part.

On June 14, 1981, Buhring and his parents were at a local V.F.W. hall in Fountain, Colorado. While playing a game of pool, Buhring became involved in a dispute with another patron. Although the dispute was resolved through mutual apologies, a bartender, who had observed the incident, summoned the police.

Officers Clark, Montoya, and Marsha Follett from the City of Fountain Police Department responded to the call. After speaking to the bartender, Clark approached Buhring and asked to see his identification. Buhring refused, and an altercation between the two ensued.

During the fight, Clark and Buhring exchanged blows and wrestled with one another on the floor. Clark subsequently was knocked unconscious after Buhring kicked him in the face.

During the incident, Buhring's parents prevented officers Montoya and Follett from rendering assistance. However, Montoya eventually freed himself and became involved in a fight with Buhring.

This altercation ended when Montoya shot Buhring with his service revolver.

Criminal proceedings were instituted against Buhring for felonious assault against Clark and Montoya. Although convicted of second degree assault against Montoya, Buhring was acquitted of all other charges.

Clark then filed this civil action seeking damages for assault and battery. Buhring counterclaimed for assault and battery and for deprivation of his civil rights. Buhring also filed a third-party claim against Montoya and the City of Fountain alleging negligence and deprivation of civil rights.

After trial on the matter, a jury returned a verdict in favor of Buhring and against Clark in the amount of one dollar. The jury also found against Montoya and the City of Fountain, and awarded Buhring $400,000 as damages. Judgment was entered accordingly.

I.

Appellants contend that the trial court improperly excluded evidence of Buhring's prior felony conviction for second degree assault against Montoya. We agree.

Section 13-90-101, C.R.S. (1987 Repl.Vol. 6A) provides, in pertinent part, that:

"In every case the credibility of the witness may be drawn in question, as now provided by law, but the conviction of any person for any felony may be shown for the purpose of affecting the credibility of such witness."

In the present case, Buhring's prior felony conviction arose out of the same circumstances upon which this civil action was brought. However, the statute itself

makes no distinction between a conviction which arose from circumstances unrelated to the case at bar and a conviction which results from the same set of facts. Without such a legislative directive, we must construe the statute in accordance with its plain language. *People v. Guenther*, 740 P.2d 971 (Colo.1987); *People v. Horkans*, 109 Colo. 177, 123 P.2d 824 (1942). Therefore, the trial court was without discretion to foreclose the use of Buhring's prior felony conviction, and accordingly, it was error to exclude it. *See People v. Hubbard*, 184 Colo. 225, 519 P.2d 951 (1974).

However, under the circumstances of this case, we find the exclusion of the evidence to be harmless error.

■ No error predicated upon the exclusion of evidence is grounds for setting aside a verdict, unless it affects the substantial rights of the parties or is inconsistent with substantial justice. C.R.C.P. 61; *Cheney v. Hailey*, 686 P.2d 808 (Colo.App. 1984). Error is not harmless if there is an indication that a different result might have been reached if the error had not been made. *People in Interest of L.S.J.*, 490 P.2d 704 (1971) (not selected for official publication), *cert. denied sub nom. Johnson v. Colorado*, 407 U.S. 913, 92 S.Ct. 2450, 32 L.Ed.2d 688 (1972).

■ There is no indication that the exclusion of the evidence had any impact upon the outcome of the trial. Appellants concede that the only purpose for which the evidence was admissible was to impeach Buhring's testimony. However, although he did testify extensively as to his injuries, Buhring had only a vague and fragmented recollection of the incident with Montoya. Thus, Buhring's claim against Montoya and the City of Fountain was necessarily established through independent evidence; and therefore, because the impeachment evidence could not have affected the credibility of the independent evidence, any error in the exclusion of the prior felony conviction was harmless.

Furthermore, the independent evidence substantially refuted Montoya's version of the shooting. While Montoya testified that he shot Buhring in self-defense at point blank range, a forensic expert was able to opine from his investigation that Buhring was shot in the back from a distance of over six feet.

Also, Montoya testified that he fired two shots in rapid succession. However, several eyewitnesses testified that three to five seconds had elapsed between the shots. Thus, the record provides a strong basis for the jury's decision to disbelieve Montoya's version of the shooting; and therefore, because the impeachment evidence would have done nothing to bolster the testimony of Montoya, any error in excluding it did not contribute to the outcome of the trial. *See People v. Rodgers*, 756 P.2d 980 (Colo. 1988).

To the extent that Buhring did testify about the altercation with Clark, the testimony was cumulative of other eyewitness accounts. Therefore, although the excluded evidence was relevant to impeach Buhring's credibility, any error was also harmless as to the judgment against Clark.

## II.

■ Appellants also contend that it was error to allow Buhring to amend his third-party complaint to include interest on the damage award after the verdict was returned but before judgment had been entered. We agree.

A demand for interest on a damage award must be made in the complaint. Section 13-21-101, C.R.S. (1987 Repl.Vol. 6B). When a party claiming damages for personal injury has failed to demand interest on damages prior to the entry of judgment, the right to such interest is waived. *Clark v. Hicks*, 127 Colo. 25, 252 P.2d 1067 (1953).

The record shows that the jury returned its verdict on December 13, 1985. Thereafter, on December 16, 1985, Buhring filed his motion to amend his complaint in order to include the demand for interest. Although the court also entered judgment on that same date, *nunc pro tunc* to December 13, 1985, the record does not support Buhring's contention that the amendment was made prior to the entry of judgment.

Therefore, his right to such is deemed waived. *See Clark v. Hicks, supra.*

### III.

Appellants' remaining contention regarding the rebuttal evidence is without merit. *See Taylor v. Mazzola,* 150 Colo. 553, 375 P.2d 96 (1962).

Accordingly, the award of interest is reversed, and the remainder of the judgment is affirmed.

TURSI and PLANK, JJ., concur in part and dissent in part.

TURSI, Judge, concurring in part and dissenting in part.

I dissent only from that part of the majority opinion addressing the question of prejudgment interest.

Third-party defendants challenge the granting of prejudgment interest as being in violation of § 13–21–101, C.R.S. (1987 Repl.Vol. 6B). Although the record before us is inadequate to make a determination of whether third-party plaintiff's request for prejudgment interest was filed prior to the entry of judgment, I conclude that that issue is rendered moot by the action of the third-party defendants in appealing the judgment in favor of the third-party plaintiff.

Section 13–21–101 must be read as a whole, giving meaning to all of its parts. Section 13–21–101(1) was amended (Colo. Sess.Laws 1982, ch. 39 at 227) by an addition providing:

> "(1)(a) ... On and after January 1, 1983, if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, interest, whether prejudgment or postjudgment, shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest anually from the date such suit was filed.
> "(2)(a) If a judgment for money in an action brought to recover damages for personal injuries is appealed by a judgment debtor and the judgment is af-

firmed, interest, as set out in subsections (3) and (4) of this section, shall be payable from the date the action accrued until satisfaction of the judgment."

Section 13–21–101(2)(a) applies here since this personal injury action was filed after January 1, 1983, the third-party defendants as judgment debtors have appealed those judgments, and those judgments are affirmed. Thus, *Clark v. Hicks,* 127 Colo. 25, 252 P.2d 1067 (1953), is no longer controlling. Accordingly, I conclude that the third-party plaintiff is entitled to prejudgment interest from the date the action accrued as a matter of law.

Thus, in the interest of judicial economy, I would remand this matter to the trial court with directions to enter prejudgment interest from the date of the accrual of the action in accordance with § 13–21–101.

PLANK, Judge, concurring in part and dissenting in part.

Although I concur with Parts II and III of the majority opinion, I respectfully dissent from Part I thereof because I believe that the exclusion of the prior felony conviction was not harmless error.

Since the statute allowed admission of a felony conviction arising out of the same transaction, there was no discretion to preclude use of the prior felony conviction to impeach Buhring's credibility. *See People v. Yeager,* 182 Colo. 397, 513 P.2d 1057 (1973); *People v. Wright,* 678 P.2d 1072 (Colo.App.1984). The majority recognizes this principle, but it nevertheless concludes that the trial court's disregard of it here constitutes only harmless error. In my view, reversal of the judgment is mandated because the appellants were denied a substantial right expressly provided by statute.

Moreover, the majority has usurped the function of the jury by deciding that the exclusion of the conviction would have had no impact on the outcome of the trial. In fact, Buhring's testimony was important to several contested issues before the jury. Because Buhring testified that he could remember only the altercation with Clark

and fragmentary events over the following days, the jury had to evaluate his claim of selective memory, particularly as it related to his fight with Montoya and the shooting. Moreover, as the majority admits, Buhring provided extensive evidence about his injuries and the construction of a mock-up exhibit of the V.F.W. Hall. His credibility therefore was very much an issue for evaluation by the jury, and evidence of a prior felony conviction could have had a significant impact upon that evaluation.

Rarely should evidence directly affecting the credibility of a party be excluded. Certainly such evidence should not have been excluded here where $400,000 in damages were assessed based partly, at least, on the testimony of Buhring.

I would reverse the judgment and remand for new trial.