The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Vincent Ray SILBURN,
Defendant–Appellant.

No. 88CA1408.

Colorado Court of Appeals,
Div. III.

June 28, 1990.

Rehearing Denied Aug. 2, 1990.

Certiorari Denied March 18, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Martha Ezzard, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Vincent Ray Silburn, appeals from a judgment of conviction entered on a jury verdict finding him guilty of second degree sexual assault, distribution of a controlled substance, and use of a controlled substance. He contends that the trial court erroneously instructed the jury on the charge of second degree sexual assault and that the trial court abused its discretion in admitting rebuttal testimony by a prosecution witness. We affirm.

Defendant's conviction arose out of an incident in November 1987, in which he forced the victim to accompany him in her car from the Aspen Post Office to Aspen Village where he purchased drugs, injected himself numerous times with cocaine, and later allegedly injected the victim with cocaine against her will. He apparently threatened the victim with a knife at some point during the episode. Defendant later sexually assaulted the victim in a motel room.

Defendant was tried on the charges of kidnapping, crime of violence, robbery, first degree sexual assault, and unlawful distribution of a controlled substance. The prosecution subsequently sought, and the trial court allowed, an instruction on the lesser charge of second degree sexual assault.

### I.

■ Defendant first contends that the trial court erred by instructing the jury on the lesser charge of second degree sexual assault. In support of his position, defendant asserts that mutually exclusive causes of submission are contemplated by Colorado's first and second degree sexual assault statutes and, therefore, that second degree sexual assault is not a lesser included offense of first degree sexual assault. We disagree.

■ In determining whether an offense is lesser included, the test in Colorado is whether the greater offense establishes every essential element of the lesser offense. *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974).

Here, the same "penetration" and "intrusion" elements of second degree sexual assault also appear in the first degree sexual assault statute. Moreover, the means of causing submission in the two offenses are not mutually exclusive as defendant claims. In each statute, submission must be caused against the victim's will by the actor. Sections 18–3–402 and 18–3–403, C.R.S. (1986 Repl.Vol. 8B).

In the first degree sexual assault statute, specific acts on the actor's part are set forth which, as a matter of law, are, or could be, of such consequence as to cause submission. Section 18–3–402, C.R.S. (1986 Repl.Vol. 8B). In the second degree sexual assault statute, all other means than those set forth specifically in § 18–3–402 by which an actor could cause submission are anticipated by the General Assembly which are "of sufficient consequence reasonably calculated to cause submission against the victim's will." Section 18–3–402, C.R.S. (1986 Repl.Vol. 8B).

Thus, second degree sexual assault is a lesser included offense of first degree sexual assault because all of the elements of the lesser sexual assault are subsumed into those of first degree sexual assault. The only difference is in the specific actions of the actor which cause or are reasonably calculated to cause submission against the victim's will.

■ Here, the jurors received instructions on both first and second degree sexual assault. They evidently concluded that the means of submission employed by the defendant did not fall within those set forth under first degree sexual assault but that those means were sufficient to cause submission against the victim's will and, thus, constituted second degree sexual assault. The defendant apparently did not make any overt threats toward the victim who testified that "just the tone of his voice was threatening enough for me" and that "he was wild ... [t]he look on his face just—just—I was scared." Furthermore, the victim testified that at the time the assault began, the knife was nowhere in evidence.

We conclude that, in allowing the instruction on second degree sexual assault, the trial court did not commit error.

### II.

■ Defendant next contends that the trial court abused its discretion in allowing the prosecution to present rebuttal testimony. Again, we disagree.

A nurse, who assisted in examining the victim after the assault initially testified that she observed a "venal puncture," most likely from a needle injection, on the inside elbow of the victim's right arm.

After this testimony, the defendant took the stand and testified that he did not inject the victim and that "it is easy to inject yourself, even the first time," thereby implying that the victim injected herself.

The prosecution requested and was granted permission by the trial court to recall the nurse to rebut the defendant's testimony that he had not forcibly injected the victim with drugs. After qualifying the nurse as an expert in venipuncture, the prosecution questioned her regarding the likelihood that a person who had never previously injected herself could make a perfect puncture without missing the vein. The trial court permitted this testimony over defendant's objection.

The admission of rebuttal testimony is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Wertz v. People,* 160 Colo. 260, 418 P.2d 169 (1966). A party may introduce in rebuttal any competent evidence which explains, refutes, counteracts, or disproves the evidence put on by the opposing party even if the evidence also tends to support the party's case-in-chief. *Moore v. People,* 171 Colo. 338, 467 P.2d 50 (1970). Also, a party is not required to anticipate testimony the opposing party will offer in defense and is entitled to introduce any competent evidence to rebut or disprove the proof of the other party. *Taylor v. Mazzola,* 150 Colo. 553, 375 P.2d 96 (1962).

Here, the nurse's testimony was properly allowed to rebut the defendant's claim that he did not forcibly inject the victim with cocaine, that it is easy to inject oneself, and his testimony implying that the victim injected herself. Thus, we conclude that the trial court did not abuse its discretion in allowing the rebuttal testimony.

The defendant's other contentions are without merit.

The judgment is affirmed.

STERNBERG and NEY, JJ., concur.