**Warren E. PRICE, Plaintiff–Appellant,**

v.

**CITY OF LAKEWOOD, Defendant–Appellee.**

**John G. HENSON, Plaintiff–Appellant,**

v.

**CITY OF LAKEWOOD, Defendant–Appellee.**

**Nos. 90SA150, 90SA185.**

Supreme Court of Colorado,
En Banc.

Oct. 21, 1991.

James M. Edwards, Steven A. Shapiro, Radetsky & Shapiro, P.C., Denver, for plaintiffs-appellants.

Kathleen M. Tafoya, Gerald E. Dahl, David B. Ellis, Paul Kennebeck, Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

In separate actions, plaintiffs, Warren E. Price and John G. Henson, challenged the constitutionality of section 9.82.040 of the City of Lakewood's Municipal Code.[1] The district courts found, among other things, no constitutional infirmity in either case. These appeals followed. We consolidate and affirm.

## I.

We begin by setting forth the factual circumstances and the procedural history of each appeal. Price's case is treated first, followed by Henson's case.

## A.

Price owns and operates an auto repair business on property subject to the disputed provisions of the City of Lakewood's (City) Municipal Code (Code) and Zoning Ordinances. A garage is situated on the property, and the auto repair business conducted in it is a legal nonconforming use. Pursuant to the certificate of nonconforming use, however, Price was not allowed to

---

1. The text of section 9.82.040 is set forth at p. 766 of this opinion.

store any vehicles, whether operable or inoperable, on the property. Vehicles without current license plates were prohibited. Any vehicles needing repair were required to be repaired and removed in a timely manner. Auto parts and tires were not permitted outside the garage.

A conflict between Price and the City arose over Price's use of his outside property, that is, the property which surrounds the garage in which he pursues his auto repair business. Upon the property, but outside the garage, a number of vehicles in various states of repair are found. Some of the vehicles are operative and some inoperative. Some of the vehicles do not satisfy the legal requirements for operation. Other items, such as a large tree-trimming truck and miscellaneous parts, are also found on the property outside the garage.

Price's case began when he was found guilty in Municipal Court of violating Section 9.82.040 of the Lakewood Municipal Code. After the City gave Price notice to abate pursuant to the municipal court judgment, Price sought declaratory judgment in the district court alleging in part that the foregoing section of the Code was overly broad as written and as construed, violating his right to due process of law under the United States and Colorado Constitutions. Price asserted that the statute is unconstitutionally vague because it does not provide reasonable notice to persons of ordinary intelligence of what is prohibited. Price also asserted that such vagueness leads to arbitrary, capricious and discriminatory enforcement because it fails to provide clear standards for the enforcers. The district court found that the word "storage" was not ambiguous or misleading and that the Code therefore was not unconstitutionally vague. The district court granted the City's motion for summary judgment, enjoining Price from further violations of the Code, allowing the City to abate the

nuisance and making Price responsible for the reasonable costs of abatement, and awarding the City reasonable attorney fees.

Price appealed to this court pursuant to section 13-4-102(1)(b), 6A C.R.S. (1987). Here, Price again assails the relevant parts of the Code as unconstitutional. He relies principally on his claim of vagueness, again because the Code allegedly fails to provide due notice to persons of ordinary intelligence as to what is prohibited. Price also argues, however, that the Code provision is somehow an unconstitutional delegation of law-making power to the City's zoning department.[2]

### B.

Henson's property, subject to the same contested provision of the Code as in the first case, is used to restore and sell antique cars and to sell and service solar heating equipment. The business is apparently sporadic, being closed and unattended for at least five months of each year while Henson is on vacation. As in Price's case, a number of inoperable although registered vehicles are found on the property outside the garage building on the property. In addition, auto parts and tires, among other things, are found on the property. The garage itself and the business of auto restoration within are not in violation of any code provision or ordinance.

This second case began when the City issued a summons and a complaint upon Henson alleging that his use of the property was in violation of section 9.82.040 of the Code. A City hearing commissioner, concluding that motor vehicles were stored illegally on the property, found in favor of the City. Henson sought relief in the district court pursuant to C.R.C.P. 106(a)(4). Henson complained that the hearing officer abused his discretion or exceeded his authority. In addition, pursuant to C.R.C.P.

---

**2.** Price also asserts on appeal that it was error for the district court to award the City attorney fees. The award was made pursuant to section 9.80.090 of the Code, but Price asserts only procedural error. First, because we find the Code constitutional, its unconstitutionality cannot be a basis for reversing the award of attorney fees, as Price argues. Second, Price was not prejudiced by the district court's acceptance of a late affidavit quantifying such fees by the City, since an award of those fees had already been made. A timely filing would have only "saddled" Price with a money judgment earlier rather than later.

57, Henson sought declaratory judgment that section 9.82.040 is overly broad as written and construed so as to violate plaintiff's right to due process of law under the United States and Colorado Constitutions. The district court affirmed the findings of the hearing officer and dismissed Henson's entire complaint, thereby implicitly upholding the provision of the Code against constitutional attack.

This constitutional appeal followed pursuant to section 13–4–102(1)(b), 6A C.R.S. (1987). Henson's issues on this appeal are variously cast, but, as Henson argues in his brief, the lack of a definition of the term "storage" in the Code is at the root of his stated issues.[3] The argument that a relevant term lacks definition appears in this case to be equivalent to the argument that the term is unconstitutionally vague.

## II.

These appeals, then, focus on the term "store," as used in section 9.82.040 of the City's nuisance code, which provides in relevant part:

> It is unlawful and shall constitute a nuisance for any owner or occupant of any lot or real estate within the city to pile, store or allow to accumulate old iron, brass, copper, tin, lead or other base metals; ... machinery, tools; ... motor vehicles which may not be operated due to lack of legal requirements such as current license plates, or are not capable of being operated or driven; ....

Price and Henson have invoked a range of constitutional theories to attack the meaning, or lack thereof, and the application of the term "store." We believe that

framing the issue under the theory of unconstitutional vagueness can best dispose of these cases. Both Price and Henson essentially assert that the relevant terms of section 9.82.040 are unconstitutionally vague. We disagree. Plaintiffs' rights to due process of law therefore have not been violated.[4]

An ordinance or code provision "violates due process requirements when it contains language so vague that it fails to provide fair notice of what conduct is prohibited or fails to provide law enforcement authorities with sufficiently definite standards for [its] non-arbitrary, nondiscriminatory enforcement." *Sellon v. City of Manitou Springs*, 745 P.2d 229, 233 (Colo.1987). The obverse of this rule is that a provision "is not void for vagueness if it fairly describes the conduct forbidden, and persons of common intelligence can readily understand its meaning and application." *Eckley v. Colorado Real Estate Com'n*, 752 P.2d 68, 73 (Colo.1988). A high degree of exactitude in draftsmanship, however, is not required for an ordinance to pass due process scrutiny. *Sellon*, at 233.

Plaintiffs emphasize the fact that the Code does not define the relevant term "store" or the derivative term "storage." However, "[i]n the absence of a specific definition by the governmental authority promulgating the challenged term, it will be given its commonly accepted definition." *Id.* Thus, the fact that the term "store" lacks a definition in the Code does not satisfy the appellants' burden of showing that the Code provision is unconstitutional beyond a reasonable doubt.[5]

---

**3.** Henson states the issues as being whether the district court erred by its determination that the City hearing commissioner did not abuse his discretion and whether the district court erred by dismissing Henson's claim for a declaration that section 9.82.040 is unconstitutional. A review of Henson's brief, however, makes it readily apparent that the resolution of the first issue, by keying it to the meaning and application of relevant terms of the Code, effectively disposes of the second. We assume the district court also realized this.

**4.** Because plaintiffs' briefs do not cite either the United States or the Colorado Constitutions, we

will examine the alleged denial of due process under the Fourteenth Amendment to the United States Constitution. *See People v. Boff*, 766 P.2d 646, 648 (Colo.1988); *People v. Gann*, 724 P.2d 1318, 1320 (Colo.1986).

**5.** "Zoning decisions of a municipal authority are presumed valid, and a party challenging the constitutionality of a zoning ordinance normally bears the burden of proving the asserted invalidity beyond a reasonable doubt." *Zavala v. City and County of Denver*, 759 P.2d 664, 669–70 (Colo.1988) (citations omitted).

■ As in *Eckley,* we refer to a standard dictionary to determine common usage. According to *Webster's Third New International Dictionary* at 2252 (1986), the term "store" means, among other things, to "accumulate," to "collect" or "lay away." These definitions, along with the derivative concept of "storage," are not inaccessible to a common intelligence. Even if there were some doubt of this, the Code provision in question includes other terms which aim at the same conduct or activity, and under which the City might have successfully prosecuted these cases. We note that section 9.82.040 holds it unlawful "to pile, store or allow to accumulate" inoperable motor vehicles on the subject properties. Even if we assume that the term "store" is somehow vague standing alone, it is not vague in the context of the entire provision. Although the activities proscribed are set forth in the disjunctive, there is sufficient overlap in the common usage of the terms such that the meaning of one term explains the others. Section 9.82.040 thus provides fair warning of the conduct prohibited.[6]

■ Furthermore, an ordinance or nuisance provision, while required to give fair warning by specifying the conduct prohibited, also must be "sufficiently general to address the essential problem under varied circumstances." *Colo. Auto & Truck Wreckers v. Dept. of Rev.,* 618 P.2d 646, 651 (Colo.1980). What this means is that there necessarily must be some degree of latitude remaining in the municipal zoning authorities to construe and to apply the ordinance. This exercise of discretion is precisely what occurred in the early stages of these cases.

■ Although discretion cannot be absolute, neither is it the case that the City authorities have no discretion to apply the anti-nuisance provision under varying circumstances. Price and Henson in effect contend, by challenging the constitutionality of the Code as applied to them, that the City should have less or no discretion. Section 9.82.041, taken as a whole however, provides fair notice of what constitutes a nuisance and is not so generally drafted as to be a standardless delegation of enforcement discretion to the City's zoning department.[7]

### III.

For the foregoing reasons, the district courts' judgments are affirmed.

---

6. In fact, the judge in the municipal court proceedings in Price's case found him "guilty of the violation of section 9.82.040, *accumulation* of weeds [and] junk, including inoperable motor vehicles. . . . That's really the crux; that also would fall under the *storage* aspect of it." (Emphases added.)

7. Henson also alleges on appeal that the City is equitably estopped from asserting zoning violations. The issuance of a sales tax license is not a communication or action by the City upon which Henson may justifiably rely to vindicate conduct in violation of the City's zoning and nuisance ordinances. Neither is a denial of a building permit enough to estop the City from this prosecution. Henson cannot abate one nuisance by creating another, or by demanding that the City grant a variance solely for the purpose of abating the nuisance.