**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**A BUSINESS OR BUSINESSES LOCATED AT 2896 WEST 64TH AVENUE, UNINCORPORATED ADAMS COUNTY, Colorado, Known as Hide–A–Way Spa and/or Hide–A–Way Bath House; Coexco, Inc., d/b/a Hide–A–Way Spa; Louis Francisco, Individually, and d/b/a Lewisco Enterprises, and Hide–A–Way Bath House, Defendants–Appellants.**

No. 95CA0690.

Colorado Court of Appeals,
Div. V.

Sept. 26, 1996.

Rehearing Denied Oct. 31, 1996.

Certiorari Denied June 9, 1997.

Robert S. Grant, District Attorney, Michael J. Milne, Senior Deputy District Attorney, Brighton, for Plaintiff–Appellee.

Ronald M. Aal, Denver, for Defendants–Appellants.

Opinion by Judge ROY.

Defendants, Hide–A–Way–Spa, Coexco, Inc., Louis Francisco, and Lewisco Enterprises, Inc., appeal the judgment of the trial court finding that defendants were operating a public nuisance. We affirm.

The facts of this case are substantially undisputed. In the 1980s, Kathleen Francisco, wife of defendant Louis Francisco, through Coexco, Inc. (Coexco), began operating Hide–A–Way Spa (Hide–A–Way) in Adams County. Hide–A–Way provides whirlpool baths in which female attendants accompany male patrons.

When prospective patrons enter Hide–A–Way, the attendants, normally clad in lingerie, offer the patrons a "menu" of services. The menu describes Hide–A–Way as "DENVER'S FIRST NUDE SPA." The menu lists services, including, as pertinent here, whirlpools and a bubble bath in the company of the attendant at a cost of $100 per hour.

After a patron makes a selection from the menu, an attendant escorts the patron to a private room which has a whirlpool bath and a massage table. After entering the private room, the patron pays the fee, and both the patron and the attendant completely disrobe and take a whirlpool bath together. Attendants may also apply powder to the patron using their fingertips and the massage table. Attendants caution patrons that there can be no genital touching, sexual activity, or massages. There is no allegation that attendants provided any sexual services to patrons.

The attendants are independent contractors who lease the rooms. The attendants retain 40% of the fee and pay Hide–A–Way 60% of the fee. Hide–A–Way, under its current owners, has never had a license to operate a massage parlor. Hide–A–Way operates 24 hours a day, seven days a week, 364 days a year.

This case has a long procedural history involving both civil and criminal actions against the former and current owners and operators of Hide–A–Way. As pertinent here, the court joined defendants Francisco and Lewisco, Inc. (Lewisco) in November 1991 because they took over the operation of Hide–A–Way in July 1991.

In a second amended complaint the district attorney alleged, *inter alia*, eight violations of Adams County Ordinance No. 1 (Ordinance No. 1), which contained a definition of "nude entertainment," including partial dress; limited "nude entertainment" to 4 p.m. to midnight, Monday through Saturday and prohibited it on Sundays; and prohibited "nude entertainment" performed by persons under 21.

The complaint alleged that the violations were continuous and, therefore, constituted a public nuisance. Hide–A–Way generally denied these allegations and later alleged that Ordinance No. 1 was unconstitutional on its face because it was vague.

Before trial, defendants filed a motion to exclude some evidence related to violations of Ordinance No. 1 alleging that sheriff's deputies had illegally seized the evidence. The evidence had been previously suppressed in a criminal proceeding. The court reserved ruling on the motion until trial, and ultimately failed to rule, because it was unclear what evidence had been previously suppressed.

Following trial, the court granted a permanent injunction against Francisco and Lewisco as the owners and operators of Hide–A–Way based on violations of Ordinance No. 1 and dismissed all of the other claims advanced by the district attorney. This appeal followed.

Initially, we note that our supreme court has held that Ordinance No. 1 does not violate the First Amendment. *7250 Corp. v.* *Board of County Commissioners,* 799 P.2d 917 (Colo.1990).

## I.

Hide-A-Way first contends that Ordinance No. 1 exceeds the authority granted Adams County by the General Assembly because the enabling statute, § 30–15–401(1)(L)(I), C.R.S. (1986 Repl.Vol. 12A), authorizes the regulation of complete nudity, not partial nudity. However, because the trial court found, with ample support in the record, that the attendants at Hide–A–Way were completely nude, we need not address this issue.

## II.

■ Hide-A-Way next contends that Ordinance No. 1 is unconstitutionally vague because it does not define the term "entertainment." We disagree.

Statutes and ordinances are presumed to be constitutional. A party attacking a statute on constitutional grounds assumes the burden of proving the unconstitutionality beyond a reasonable doubt. *Price v. City of Lakewood,* 818 P.2d 763 (Colo.1991).

In discussing the constitutionality of ordinances, our supreme court has stated:

An ordinance or code provision 'violates due process requirements when it contains language so vague that it fails to provide fair notice of what conduct is prohibited or fails to provide law enforcement authorities with sufficiently definite standards for [its] non-arbitrary, nondiscriminatory enforcement.' ... The obverse of this rule is that a provision 'is not void for vagueness if it fairly describes the conduct forbidden, and persons of common intelligence can readily understand its meaning and application.' ... A high degree of exactitude in draftsmanship, however, is not required for an ordinance to pass due process scrutiny.

*Price v. City of Lakewood, supra,* 818 P.2d at 766.

■ An ordinance must be sufficiently general to address the essential problem under varied circumstances. The fact that the challenged term has broad meaning and

lacks a specific definition in the ordinance does not equate to the provision being unconstitutional beyond a reasonable doubt.

In the absence of a specific definition, a word will be given its commonly accepted definition. *Price v. City of Lakewood, supra.* To determine a word's common usage, a court may refer to a standard dictionary. *Eckley v. Colorado Real Estate Commission,* 752 P.2d 68 (Colo.1988).

Because Hide–A–Way does not cite us to specific provisions of either the United States or Colorado Constitutions, we will limit our inquiry to a denial of due process under the Fourteenth Amendment. *See Price v. City of Lakewood, supra; People v. Boff,* 766 P.2d 646 (Colo.1988).

Ordinance No. 1, as pertinent here, provides:

> These regulations shall apply to any establishment open to the public in which persons appear in a state of nudity for the purpose of entertaining the patrons of such establishment, hereinafter referred to as 'Nude Entertainment Establishments.'

The ordinance does not define "entertainment," "entertaining," or "Nude Entertainment Establishment."

According to *Webster's Third New International Dictionary* 757, the term "entertainment" means, among other things, "the act of entertaining: as ... the act of diverting, amusing, or causing someone's time to pass agreeably." *See People v. Kukkanen,* 248 Cal.App.2d Supp. 899, 56 Cal.Rptr. 620 (1967) (topless waitresses constitute live entertainment).

Under the circumstances of this case, we conclude that the ordinance provides fair notice of the prohibited conduct. The definition of "entertainment" is not inaccessible to persons of common intelligence. A reasonable person can make a common sense evaluation of whether the ordinance regulates nude entertainment or just nudity.

■ There was evidence Hide–A–Way provided nude entertainment. The menu of services gives notice to patrons that Hide–A–Way provides nude entertainment. The last page of the menu states: "ALL SESSIONS OFFERED FOR PLEASURE AND RELAXATION ONLY" "WE DO NOT GIVE THERAPEUTIC REMEDIAL OR HYGIENIC MASSAGE" "ENJOY." The court found that the fact that men were willing to pay money to bathe in private with nude female attendants who also provided a dusting of powder over the men's bodies was evidence that they were being entertained. Indeed, Hide–A–Way has not suggested any other purpose for the activities offered or services rendered.

Contrary to Hide–A–Way's assertion, the fact that the undercover officers testified that they were not entertained and that the attendants who testified stated that they did not dance or gyrate is not determinative as to whether or not Hide–A–Way provided entertainment or intended to do so.

Therefore, Hide–A–Way has not shown that Ordinance No. 1 is unconstitutionally vague beyond a reasonable doubt under the Fourteenth Amendment, and the trial court did not err in holding that Hide–A–Way provided "nude entertainment."

### III.

Hide-A-Way next argues that the trial court erred in admitting into evidence the events of August 28, 1991, as those events were the subject of misdemeanor criminal charges filed against Hide–A–Way in 1991 of which Hide–A–Way was acquitted. Hide–A–Way argues consideration of these events is barred by the doctrine of *res judicata.*

Hide-A-Way also argues that the trial court should not have admitted evidence of events occurring on July 13, 1992, July 14, 1992, August 13, 1992, September 2, 1992, October 3, 1992, and November 11, 1992, as the evidence was illegally obtained as a result of "enforcement visits" or "business checks" performed by the Adams County Sheriff's Office.

■ We have considered each of these arguments and conclude they are without merit. Even if we were to assume, however, that the arguments had merit, the erroneous admission of the evidence was harmless error as a matter of law. *See* C.R.C.P. 61; *Clark v. Buhring,* 761 P.2d 266 (Colo.App.1988)

(error harmless unless it affects the substantial right of party or inconsistent with substantial justice).

There was ample, if not conclusive, evidence from other sources that Hide–A–Way operated twenty-four hours a day, seven days a week, that it employed underage attendants, and that the attendants were typically completely nude when performing services. This evidence was sufficient unto itself to support the judgment; was essentially uncontroverted; came from attendants, undercover officers and patrons; and arose through the execution of an unchallenged search warrant.

The judgment of the trial court is affirmed.

RULAND and CASEBOLT, JJ., concur.